CROGHAN v. THE STATE.

*Seduction and rape distinguished.*

In a criminal action for seduction (R. S., ch. 170, sec. 5), it was error to instruct the jury that "if the woman ultimately consented to the illicit intercourse, the crime was seduction [and not rape], although she consented partly through fear [of personal injury] and partly because the defendant hurt her."

ERROR to the Circuit Court of *Marathon* County.

*S. U. Pinney* and *E. R. Chase*, for plaintiff in error, cited *Wright v. The State*, 4 Humph., 194; *State v. Bierce*, 27 Conn., 320.

*The Attorney General* and *W. C. Silverthorn*, for the state, cited R. S., ch. 164, sec. 39; Wharton's Crim. Law, 1141; 3 Greenl. Ev., 210; 5 Sneed, 581; 3 Zab., 30; 29 Conn., 232; 1 Hals., 329; *Comm. v. Parr*, 5 Watts & S., 345.

COLE, J.   This was an indictment under section 5, chap. 170, R. S., for seduction.   The prosecutrix in her testimony states the circumstances under which the sexual intercourse took place.   It appears that she was between fifteen and sixteen years of age at the time, and was living with the defendant, who had married her aunt.   The girl's parents lived in Minnesota, and the defendant in Marathon county. The girl states that one night the defendant, during the absence of his wife, came to her room after she had gone to bed, and insisted upon getting into bed with her—that she resisted, and he choked her—that he finally had intercourse with her, and threatened to kill her if she told of it; that at another time, in April, 1865, in his own house, he seized her—said he would have what he wanted, or he would choke her—that he threw her across the bed-rail, and had intercourse with her.   The girl said that she yielded to him

Croghan vs. The State.

partly on account of his threats, and partly because he hurt her. The court charged the jury that there was but one offense charged in the indictment, which was that of seduction; that it was necessary he should define the difference between seduction and rape; that if they found that the woman ultimately consented to the illicit intercourse, the crime was seduction, although she consented partly through fear and partly because the defendant hurt her; but that if she did not consent, and the offense was committed by force, it would be rape, and the defendant should be acquitted. The counsel for the defendant excepted to that part of the charge which defined the offense of seduction; and the correctness of the ruling upon that point is the only question we have to consider.

The crime of seduction is not to be confounded with the higher and more atrocious crime of rape. The latter crime is defined to be the carnal knowledge of a woman by a man forcibly and unlawfully, against her will. 2 Bouvier's Law Dic., " Rape." The element of force forms a material ingredient of the offense, by which the resistance of the woman violated is overcome, or her consent induced by threats of personal violence, duress or fraud. For, unless the consent of the woman to the unlawful intercourse is freely and voluntarily given, the offense of rape is complete. But the word "seduction," when applied to the conduct of a man towards a female, is generally understood to mean the use of some influence, promise, arts, or means on his part, by which he induces the woman to surrender her chastity and virtue to his embraces. But we do not suppose that it must appear that any distinct promise was made to the female, or any subtle art or device employed. It is sufficient that the means used to accomplish the seduction, and induce the female to consent to the sexual intercourse. Perhaps the motive of fear on the mind of the female is not to be excluded—not

the fear of personal violence and injury unless she consents to the connection, but a fear that the man may in some way injure her reputation or standing in society, unless she yields to his importunities. But the woman must be tempted, allured, and led astray from the path of virtue, through the influence of some means or persuasion employed by the man, until she freely consents to the sexual connection. But if the circumstances show that this consent was obtained by the use of force, and the woman's will was overcome by fear of personal injury, then the crime becomes one of a higher grade. Now it appears to us that the error in the charge of the court consists in holding that if the woman ultimately consented to the illicit intercourse, the crime was seduction, although such consent was obtained partly through fear, and partly because the defendant hurt her. The ultimate consent of the girl to the intercourse might have been gained solely because the defendant hurt her, and through threats of further personal violence. And if this were so, then it is very manifest that the crime is not seduction, but one of greater atrocity. But, notwithstanding the defendant treated the girl roughly at first, and actually threatened to kill her, yet if she afterwards freely consented to the sexual intercourse, being enticed and persuaded to surrender her chastity by means employed by him, then the offense is seduction. There are circumstances attending this case, as presented upon the record, which are well calculated to excite feelings of the liveliest indignation towards the defendant; but we forbear to comment on them at this time. The case must go back for a new trial on account of the error in the charge before alluded to. For it is probably as important for the protection of female character that the true distinction between the crime of seduction and rape should be maintained, as that criminal justice should be properly administered in this case.

*By the Court.*—The judgment of the circuit court is reversed, and a *venire de novo* awarded.