CHARLES F. FOWLER *vs.* FRANCIS G. STRICKLAND & another.

B. indorsed A.'s promissory note payable on time to B.'s order, for A.'s accommodation; and A. negotiated it to C. for its full amount. At the maturity of the note, B., having been informed by A. that he could not then pay it, took it up, paying C. therefor half of the amount thereof. *Held*, that B. could recover the full amount of the note of A., in an action upon the note as payee.

CONTRACT, brought January 11, 1870, on a promissory note for $2000, dated August 2, 1869, signed by the defendants, and payable to the plaintiff or order in four months from date. The declaration was in the usual form of an action by payee against maker.

At the trial in the superior court, before *Pitman*, J., "it appeared in evidence that the note was an accommodation note; that the plaintiff indorsed it in blank as accommodation indorser, at the request and for the accommodation of the defendants, for the purpose of borrowing money for their use ; and that, before the note became due, the defendants were reported to be insolvent, and their place of business was closed ; also, that the note was negotiated by the defendants to Haswell Loomis for its full value, received in money on the same from Loomis ; that, at or about the time of the maturity of the note, the plaintiff had a conversation with one of the defendants concerning payment of the note to Loomis, in which the plaintiff was informed by him that the defendants would not be able to meet the note at its

maturity, that the plaintiff would be obliged to pay it, and must pay it, but that he hoped that the defendants would be able to pay the plaintiff some time ; that soon after this conversation the plaintiff took up the note, giving Loomis in payment three promissory notes signed by himself and Royal Fowler, two for $300 each, and one for $400 ; and that the plaintiff paid no other consideration whatever for the note declared on.

" Upon this evidence, the defendants requested the judge to rule as matter of law, that the plaintiff, who was the payee of the note declared on, and who indorsed said note as an accommodation indorser, could only recover the amount paid by him and interest. The judge refused so to rule, but instructed the jury that, if they believed from the evidence that the plaintiff was the holder of said note for value, the plaintiff was entitled to recover the whole note and interest.

" The defendants also requested the judge to rule as matter of law, that the plaintiff could not recover under his present declaration, and should have declared specially. But the judge ruled that the declaration was sufficient, and the plaintiff could recover under it."

The jury returned a verdict for the plaintiff for the whole amount of the note and interest ; and the defendants alleged exceptions, which were argued at this term, and afterwards reargued in writing before all the judges.

*H. Fuller*, for the defendants.

*M. B. Whitney*, for the plaintiff.

GRAY, J. The note sued on being an accommodation note, and the action between the original parties, the consideration was doubtless open to inquiry. But the note was made for the accommodation of the defendants, the makers ; not of the plaintiff, the payee and indorser. The defendants, upon negotiating to Loomis the note thus indorsed by the plaintiff for their accommodation, received from Loomis the whole amount of the note, and were responsible to an equal amount in an action on the note by Loomis or any lawful holder. The plaintiff had the same right as any other person to purchase the note from Loomis for such price as might be agreed on between them. Even if, by the terms of such

an agreement, Loomis had retained any interest in the proceeds of the note which he delivered to the plaintiff, the latter, in an action against the defendants on the note, could have recovered the full amount thereof, although he might have held a part of the proceeds in trust for Loomis. If he purchased the entire interest of Loomis in the note, at the time of its delivery by Loomis to him, he might recover the whole amount to his own use. The defendants having received the whole amount of the note at the time of its original negotiation, and being now no longer liable to any action by Loomis, the amount of their liability in this action against them as makers of the note is not affected by the question how much the plaintiff paid to Loomis, or whether the sum recovered will belong to Loomis or to the plaintiff. If the note had been made by the defendants for the accommodation of the plaintiff, a different case would have been presented. *Johnson* v. *Kennion*, 2 Wils. 262. *Reid* v. *Furnival*, 5 C. & P. 499, and 1 Cr. & M. 538. *Wiffen* v. *Roberts*, 1 Esp. 261. *Babson* v. *Webber*, 9 Pick. 163. *Ellsworth* v. *Brewer*, 11 Pick. 316. *Pinney* v. *McGregory*, 102 Mass. 186. *McGregory* v. *McGregory*, *ante*, 543. *Allaire* v. *Hartshorne*, 1 Zab. 665, 671.

*Exceptions overruled.*