Delaware, Lackawanna and Western R. R. Co. *v.* Oxford Iron Co.

for the amount of the cost of defending the Winants suit.   And to secure payment thereof, the complainant is entitled to a decree that those moneys are, with the costs of this suit, a lien upon the property conveyed to the Long Dock Company under the agreement, saving the rights of any of the defendants whose equities as to the land or any part of it are for any reason superior to that of the complainant.   Whether any of them have any such equities, and if any, to what extent, will be the proper subject of a reference, as will also the matter of the amounts due to the complainants from the Long Dock Company.

| 38 | 151 |
| 48 | 227 |

## The Delaware, Lackawanna and Western Railroad Company

### *v.*

### The Oxford Iron Company.

1. All that a surety is entitled to against the principal debtor is indemnity; if he pays less than the full amount due, all he can recover is what he paid.

2. Until a surety pays, his principal is under no liability to him, and his only remedy is a suit in equity to compel the principal to pay his debt to their common creditor.

3. A surety, as against his principal, has a right to have his principal's property first applied to the satisfaction of the debt.

On hearing on petition, affidavits and order to show cause.

*Mr. Flavel McGee*, for receiver.

*Mr. J. Henry Stone* and *Mr. Charles D. Thompson*, and *Mr. William H. Jessup*, of Pennsylvania, and *Mr. Charles A. Davison* and *Mr. Hamilton Odell*, of New York, for creditors.

Van Fleet, V. C.

This is an application for direction.   In September, 1878, the persons constituting the firm of Selden T. Scranton & Com-

pany made an assignment, under the statute regulating assignments by debtors for the benefit of their creditors, to Benjamin G. Clarke. Subsequently, under the bill filed in this cause, Mr. Clarke was appointed receiver of the Oxford Iron Company. He was thus invested with a dual character. Prior to their assignment, Selden T. Scranton & Company had endorsed the paper of the Oxford Iron Company to an amount exceeding $900,000. They were accommodation endorsers. All this paper was outstanding when this suit was brought and the receiver appointed. The necessary steps to fix the liability of Selden T. Scranton & Company as endorsers were taken, and the persons holding the paper so endorsed have since proved the debts, founded on it, against the Oxford Iron Company, and many of them, though not all, have also presented claims, founded on the same debt, against the estate of Selden T. Scranton & Company. For the protection of the estate of Selden T. Scranton & Company, Mr. Clarke, as assignee, proved against the Oxford Iron Company a claim for the amount for which his assignors were liable, as endorsers for that corporation. The estate of Selden T. Scranton & Company has paid nothing in discharge or on account of this liability. The point upon which the receiver asks direction is whether, in distributing the assets of the Oxford Iron Company, a dividend should be paid on the whole or any part of the claim proved on behalf of Selden T. Scranton & Company.

As a general rule, all that the surety is entitled to against the principal debtor is indemnity; in other words, to be made whole. If he pays less than the full amount due, or in depreciated currency, all he can recover is what he paid, or the value of what he gave in satisfaction. He has a right to be re-imbursed, but to nothing more. *Burge on Suretyship 359;* *2 Dan. Neg. Instruments* § *1342;* *Snyder* v. *Blair, 6 Stew. Eq. 208.* In *Fowler* v. *Strickland, 107 Mass. 552,* it was held that an accommodation endorser has the same right to purchase paper on which he is liable that any other person has, and that in case he becomes the purchaser of such paper, he is entitled to recover the full amount due without regard to what he paid for it. The

surety being entitled to nothing but indemnity, it follows necessarily from this limitation of his right, that until he has paid something for his principal debtor, he has no right to demand anything of him except that he pay his debt to their common creditor. This right he may enforce in equity. After the debt for which he is liable becomes due, and after his principal has made default, the surety may maintain a suit in equity to compel his principal to pay his debt. *Irick* v. *Black*, *2 C. E. Gr. 189*; *King* v. *Baldwin*, *2 Johns. Ch. 554.* ·Equity gives this remedy to the surety,' because, as was said by Lord Keeper North, it is unreasonable that a man should always have such a cloud hang over him. *Ranelaugh* v. *Hayes*, *1 Vern. 189.* But this is his only remedy. Until he pays something, his principal is under no liability to him and owes him no duty except to pay his debt to their common creditor.

In the present condition of affairs, then, it is clear that no dividend should be paid on this claim. The endorsers have paid nothing for the makers, and no part of the assets of the makers should therefore be distributed to them. Nor do I think that any payment by Selden T. Scranton & Company, short of the full amount due, will entitle the claim presented on their behalf to participate in the distribution of the assets of the Oxford Iron Company. Though there are two persons liable, there is but one debt. One person is liable as principal and the other as surety. Now, as between these two, it is the clear right of the surety to be protected against loss to the extent of the principal's property. The surety is not bound to pay anything that the principal's property will pay. As against the principal, the surety is only bound to pay what the principal cannot. So clear is the justice of this principle that it has been enforced, by legislation, against their common creditor, after he has recovered judgment against both; for now, after judgment has been recovered, in the same action, against both maker and endorser, the law commands that the debt shall be first made, if it can be done, out of the property of the maker, and if the endorser is compelled to pay, he is entitled to an order that the judgment stand against the maker for his benefit. *Rev. p. 853 § 36.* Taking

this rule as our guide, the course to be pursued in this matter is perfectly plain. Creditors holding paper endorsed by Selden T. Scranton & Company, and who have proved their debts against both estates, are entitled to a dividend from each, but not to two dividends from the estate of the Oxford Iron Company, which would be the effect, practically, of admitting the claim proved on behalf of Selden T. Scranton & Company to a dividend out of the assets of the Oxford Iron Company.

The proper method to be pursued in distributing the assets of the two estates towards the payment of the debts under consideration, will be this: first, these debts will be entitled to their just *pro rata* share of the assets of the Oxford Iron Company; to the extent of the sums so paid the debts will be respectively reduced, and then for the balance remaining unpaid, the holders of these debts, who have also proved their claims against the estate of Selden T. Scranton & Company, will be entitled to their just *pro rata* of the assets of that estate. But in no event is the claim presented against the Oxford Iron Company on behalf of Selden T. Scranton & Company, founded on their liability as endorsers, entitled to a dividend.