A. C. PETRI & BRO. v. FIRST NATIONAL BANK OF FOND DU LAC.

No. 3227.

1. **Right to Jury—Practice.**—Suit on protested draft filed May, 1890. Defendants filed original answer June, 1890, and amended answer October, 1890. On March 2, 1891, defendants applied for a jury, tendering the jury fee. This was after the jury docket had been disposed of, and four days before the cause was tried. *Held*, that the trial court properly refused to place the case upon the jury docket.

2. **Practice—Excessive Judgment.**—Where an assignment of error is upon the ground that the judgment is excessive, it will not be considered unless the excess was called to the attention of the trial court.

3. **Negotiable Paper—Face Value Recoverable.**—A purchaser of a negotiable security before maturity in cases where he is not personally chargeable with fraud, is entitled to recover its full amount against the maker, though he may have paid less than its par value, whatever may have been its original infirmity.

APPEAL from Dallas. Tried below before Hon. CHAS. FRED. TUCKER. The opinion states the case.

*McCormick & Spence*, for appellants.—1. Articles 3064 and 3066 of the Revised Statutes,. which direct that the demand for a jury shall be made and the jury fee paid upon the first day of the term, are not strictly mandatory. A jury may be demanded and a jury fee paid at any time before the case has been disposed of, unless the doing so will be prejudicial to the rights of the opposite party; and the mere fact that the placing of the case on the jury docket will prevent a trial until a subsequent term is not sufficient to authorize the judge to exercise his discretion and refuse to place the case on the jury docket. Allyn v. Willis, 65 Texas, 65; Gallagher v. Goldfrank, 63 Texas, 473; Hardin v. Blackshear, 60 Texas, 132; Allen v. Plummer, 71 Texas, 546; Rev. Stats., arts. 3064, 3066.

2. Where a negotiable instrument is subject to equitable defenses in the hands of the original parties, and especially where the original transaction is tainted with fraud, the bona fide holder can only recover what he paid for the instrument. Huff v. Waggoner, 63 Barb., 230; Todd v. Shelburne, 8 Hun, 512; Williams v. Smith, 2 Hill, 301; Grant v. Kidwell, 30 Mo., 455; De Witt v. Perkins, 22 Wis., 473; Bailey v. Smith, 14 Ohio St., 402.

*Cobb & Avery*, for appellee.—1. When a demand for a jury is made at such a time as to prejudice the opposite party, and will probably delay the case and operate as a continuance, such demand is properly refused. Cabell v. Hamilton & Co., 81 Texas, 104; Rev. Stats., art. 1369; Rule 69, District Courts.

2. When a person buys a negotiable instrument before its maturity and for a fair and valuable consideration, and without notice of fraud or other defense to it, he is entitled to recover the full amount due upon it, and the defense of fraud or other defense is not admissible against him. Rev. Stats., art. 265; Dresser v. Railway, 3 Otto (U. S.), 92–96; Cromwell v. Sac County, 96 U. S. (6 Otto), 60; Railway v. Schutte, 103 U. S. (13 Otto), 144; Fowler v. Strickland, 107 Mass., 552; Bank v. Watson, 42 N. Y., 490; Vinton v. Peck, 14 Mich., 296; Bank v. Green, 33 Iowa, 140; Lay v. Wissman, 36 Iowa, 305; Sully v. Goldsmith, 32 Iowa, 397; 3 Rand. on Com. Paper, sec. 1891; Bange v. Flint, 25 Wis., 544; Hoppins v. Doty, 25 Wis., 592; Williams v. Huntington, 68 Md., 590; Same Case, 6 Am. St. Rep., 477; Hobart v. Penny, 70 Me., 248; Bodley v. Bank, 16 Pac. Rep., and cases cited.

HOBBY, PRESIDING JUDGE, *Section A.*—The appellee brought this suit against the appellants, alleging as the cause of action, that the C. J. L. Myer & Sons Co., a corporation, on November 8, 1889, drew a draft on the appellants, requesting them to pay to the order of said Meyer & Sons Co., three months after December 18, 1889, $1000, with

exchange, etc.; that this draft was accepted by appellants, about November 15, 1889, and was transferred for value to appellee by the payee before maturity, etc.; that it was presented at the proper time to appellants for payment, which was refused; whereupon it was duly protested by a notary public for nonpayment, the fee for which was $15.10.

Appellants answered by a general demurrer, general denial, and special plea, alleging that the draft sued on was procured from appellants by the fraudulent representations of the Meyer & Sons Co., and that appellee was not a holder in good faith for value, without notice, etc.

The cause was tried by the court, and on the evidence adduced a judgment was rendered in favor of the plaintiff below, which the defendants have brought before us on appeal.

No motion for a new trial was made in the District Court. The evidence supported the allegations in the petition, the facts showing that appellee acquired the draft before maturity for a valuable consideration, without notice of any defect or fraud, if any, connected with its execution on the part of the Meyer & Sons Co. The plaintiff paid $924 for the draft, which was a discount of 7 per cent on the face of it.

The first error assigned is the refusal of the court to place this cause on the jury docket and allow it to be tried by a jury when one had been demanded by appellants and the jury fee tendered. The bill of exceptions recites, that on March 2, after the jury docket had been disposed of and four days before the cause was tried, the defendants demanded a jury and asked that it be placed on the jury docket, and then tendered the fee, which the court refused, because it would operate to continue the cause.

We can only hold this assignment well taken by indulging the presumption that the court erred in refusing to allow the cause to be tried by a jury, for it does not affirmatively appear from the recitals in the bill of exceptions, as it should to sustain the assignment, that an error was committed. But it is manifest from its language that the demand for a jury was made at a time when the trial of the cause by a jury in the manner prescribed by the statute could not have been had, because the "jury docket had been disposed of for the term;" and the inference is, that the jury had been discharged for the term.

In deciding questions of this character it has been the leading and proper purpose of our courts to give such construction to the articles of the code regulating jury trials in civil causes as would secure to parties not unreasonably delinquent in complying with the law that character of trial. A failure to demand a jury and pay the fee on the day required by the statute, it has been held, was not of itself sufficient to defeat the right. But it will be generally found in the cases where this question was decided, that a jury was in attendance upon the court, and that no injury resulting from delay would probably be done the other party.

This suit was brought in May, 1890. The appellant answered in October, 1890. Two terms of the District Court had passed after defendant's answer without any demand for a jury, and it was not demanded at the April term, 1891, until the jury docket had been disposed of. These facts, furnished by the record before us, instead of showing the commission of an error, abundantly establish the fact that no error was committed by the court in the matter complained of. Cabell v. Hamilton, 81 Texas, 104.

The next assignment is, in substance, that the court erred in entering judgment in favor of the appellee for a larger sum than it was shown it had paid for the draft.

The evidence was, that $924 was paid by the bank for the draft. The amount of the judgment was for the face of the instrument, $1000, with interest from its maturity, making a difference of about $25, which it is shown by the proof was the usual discount. The effect of the assignment is to complain that the judgment is excessive; and the rule has been heretofore announced by the Supreme Court, that where the assignment is upon this ground it will not be considered unless this was called to the attention of the District Court in the motion for a new trial. Rev. Stats., art. 1369; Jacobs, Bernheim & Co. v. Hawkins, 63 Texas, 4. Although we are not required under the rules to consider the assignment, we are clearly of the opinion it is not well taken.

The rule on this subject declared by the Supreme Court of the United States is, that a purchaser of a "negotiable security before maturity in cases where he is not personally chargeable with fraud is entitled to recover its full amount against the maker, though he may have paid less than its par value, whatever may have been its original infirmity." A different rule, it is said, would result in much confusion if bona fide purchasers in the market are restricted to their claims upon this class of negotiable securities to the amounts paid by them. Cromwell v. Sac County, 96 U. S., 60; Fowler v. Strickland, 107 Mass., 554. This does not conflict with those cases where a note is taken and held as a protection against a specified liability, and the recovery is allowed only to the extent of the liability for the protection of which it was taken (Grant v. Kidwell, 30 Mo., 458); nor those cases where a note is deposited as collateral security for a certain sum; nor where the amount paid is so disproportionate that, taken in connection with the purchaser's knowledge of the solvency of the maker, he was held to be a mala fide holder. De Witt v. Perkins, 22 Wis., 445.

We think the judgment should be affirmed.

*Affirmed.*