(58 App. Div. 30.)

## HERRICK v. GUARANTORS' FINANCE CO. OF PHILADELPHIA.

(Supreme Court, Appellate Division, First Department.  February 8, 1901.)

BILLS AND NOTES—GUARANTY—EVIDENCE.

> Where a note and guaranty were identical as to the names of the parties, the amount payable, the date and duration of time and the place of payment, and were together in all successive transfers made by indorsers, until the note was presented for payment and payment refused, there was sufficient evidence to support a verdict on the guaranty in favor of the holder, there being no objection that due indorsement on the note to plaintiff had not been made.

Appeal from trial term, New York county.

Action by Jacob Hobart Herrick against the Guarantors' Finance Company of Philadelphia on a guaranty.  From a judgment for plaintiff, defendant appeals.  Affirmed.

The action was brought to recover upon a written guaranty alleged to have been given to assure the payment of a certain note for $5,000, dated September 14, 1897, made by George W. Gray, and payable to William J Hendrick, at Seventh National Bank, Philadelphia, Pa., four months after date.  The note and guaranty were put in evidence, and the guaranty, which is dated September 25, 1897, bears the defendant's name, and recited that "this is to certify that there has been deposited with this company satisfactory collateral for five thousand dollars ($5,000), without interest to the holder hereof, by William J. Hendrick, in four months from September fourteenth, 1897, at the Seventh National Bank of Philadelphia, is hereby guarantied by the Guarantors' Finance Company of Philadelphia, Pa."  Both note and guaranty, the complaint alleges, were delivered to William J. Hendrick for a valuable consideration, and both were, for a valuable consideration and before maturity, transferred and delivered to J. H. Herrick & Co., and upon maturity payment of the note, though it was duly presented, was refused, and protest made, and notice thereof given, and payment of the guaranty, though it was duly presented, was refused.  Thereafter, the complaint alleges, the note and guaranty were, for value, transferred to the plaintiff.  The answer alleged that the plaintiff had come into possession of the note and guaranty fraudulently, and denied that any consideration had been given, or that the plaintiff had title thereto.  The plaintiff testified that he received the note and guaranty from his firm, J. H. Herrick & Co., who had purchased them from J. Walter Thompson Company, and that he got possession of the note about 12 days before it became due; that he was a note broker, and both bought and sold notes; that he knew the J. Walter Thompson Company to be a responsible company, but knew neither Mr. Gray nor Mr. Hendrick, mentioned in the note and the guaranty; that he gave to the Thompson Company a check for $4,978.45 in payment, and the next day received from Mr. Thompson his individual check for the same amount.  Mr. Thompson testified that the note and guaranty had been in the possession of his company, and was received from a Mr. Lewis in payment for advertising, and thereafter transferred for value to the J. H. Herrick Company; that Mr. Herrick borrowed from him, as an individual, money with which, he presumed, the note was purchased.  Mr. Beach, who was employed by the Thompson Company, testified that the note and guaranty in evidence were given to him by Mr. Lewis in payment for advertising. The note bears the indorsements: "Wm. J. Hendrick, for collection.  J. H.

Herrick & Company;" and a notary's protest states that this note, with guaranty attached, was duly presented at the Seventh National Bank of Philadelphia, and payment refused, notice whereof was given to indorsers and the Guarantors' Finance Company of Philadelphia, "the guarantors." A motion was then made to dismiss the complaint on the grounds that no cause of action was proved; that there was no evidence that the plaintiff had title to the guaranty, inasmuch as the chain of title from the guarantors to the plaintiff is not completely shown; and that the guaranty is not negotiable paper; which motion was denied. Both sides thereupon asked for the direction of a verdict, and a verdict was directed in favor of the plaintiff. From the judgment so entered, the defendant appeals.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Louis Marshall, for appellant.

Duncan Edwards, for respondent.

O'BRIEN, J. It will be seen that the note and the guaranty are identical as to the names of the parties, the amount payable, and the date and duration of time and the place of payment; and the evidence shows that in every transaction herein appearing the note in evidence and the guaranty went together, until they came into the possession of J. Walter Thompson Company, when they were bought by J. H. Herrick Company, and were thereafter presented at the bank for payment and protested. It is not denied that they were both given as alleged by the plaintiff, excepting that there is a denial that the guaranty was given to go with this identical note. From the similarity in date and amount of the note and guaranty, and the fact that they were always together, the inference is fairly to be drawn that the guaranty was given to assure the payment of this particular note. It was shown that the note was not paid, and that thereafter the defendant refused to honor the guaranty. The making of the note is admitted, and it bears the indorsement of William H. Hendrick and of J. H. Herrick, so that a complete chain is there to be found. The testimony that Mr. Lewis gave the note and guaranty to J. Walter Thompson with no explanation of how Mr. Lewis became possessed of them, and that Mr. Thompson loaned money to Mr. Herrick, is not material. It is not disputed that Mr. Thompson obtained the note for value with the guaranty, and Mr. Herrick therefore obtained a good title. A guaranty accompanying a negotiable note would seemingly be transferable in the same way as the note, and would come under the law merchant.

The only weakness in the plaintiff's case on the question of title to the note is the fact that no sufficient proof was made that it was duly indorsed. If objection had been made that the indorsement on the note was not proven to have been made by the indorser, it would have raised a serious question. The note, however, being admitted, and the point as to the indorsement not having been made, but presumably waived, the learned trial judge was justified in concluding that the transfer of the note to plaintiff was established. The guaranty being in terms given to secure the holder of the note, there was sufficient evidence to support the verdict as directed, and the judgment and order accordingly should be affirmed, with costs. All concur.