ARISPE et al. v. CLARK et al.   (No. 6058.)

(Court of Civil Appeals of Texas. San Antonio. June 12, 1918. Rehearing Denied June 27, 1918.)

1. HOMESTEAD ⬷⬸57(1)—PRESUMPTIONS.

In the absence of allegation that plaintiffs, claiming homestead, were married, the fact of marriage cannot be presumed from the fact that plaintiffs settled on the land claimed as homestead, resided there, and raised crops thereon.

2. JURY ⬷⬸25(6) — RIGHT TO JURY TRIAL — WAIVER.

Where defendants at a prior term demanded a jury, but failed to pay the fee, and the cause was continued on the nonjury docket, and plaintiffs did not ask a jury until the day of trial, when they announced they would take advantage of defendant's demand, they had no right to a jury trial, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 5178, 5180, stating the requisites for securing the trial by jury.

3. WITNESSES ⬷⬸67 — ATTORNEY'S RIGHT TO TESTIFY.

An attorney may testify to anything he knows, whether learned before or after his employment as counsel.

Error from District Court, Jim Wells County; V. W. Taylor, Judge.

Action by Celso Arispe and another against Forrest Clark and another. Judgment for defendants, and plaintiffs bring error. Affirmed.

See, also, 199 S. W. 500.

T. Wesley Hook, of Kingsville, and L. Broeter, of Alice, for plaintiffs in error. Dougherty & Dougherty and G. C. Robinson, all of Beeville, and Perkins & Leslie, of Alice, for defendants in error.

FLY, C. J.   This is an action of trespass to try title to the west half of a 270-acre tract of land, instituted by Celso Arispe, Apolonia Arispe, and Maximiliano Arispe against Harry Garrett, Forrest Clark, Frances Clark, G. R. Adams, and William Adams. G. R. Adams and Harry Garrett disclaimed, and were dismissed from the suit, with their costs. The cause was tried without a jury, and judgment was rendered in favor of William Adams, Forrest Clark, and Frances Clark for the land sued for. For convenience, we style plaintiffs in error appellants, and defendants in error appellees.

[1] In order to recover, it devolved upon appellants to prove that the 270 acres of land in controversy, which were conveyed to Jesus Arispe, the father of appellants, in 1902, about 20 years after the death of their mother, was the community estate of their parents, and consequently that they inherited one-half of the land from their mother. The attempt was made to show that the land was conveyed to Jesus Arispe by Marcelina Vela to settle a debt of $900, which had accrued for cattle that were the community property of Jesus Arispe and his wife. There was testimony which tended to show that such was the case, but there was other testimony tending to show that the land was paid for by money earned by Jesus Arispe after the death of his wife. There was a question of fact presented by the testimony as to whether the land was community or not, and, there being no findings of fact or conclusions of law, there is nothing to show that the judgment of the court may not have been based upon the finding that the property was the separate estate of Jesus Arispe. The evidence failed to establish any homestead rights. It clearly showed that appellants not only assisted their father in the survey and sale of the land, but they actually received the purchase money of a large portion of it. Appellants ask this court to presume that they were married, because they built small houses on the land, and therefore had established homes for their families; but that is carrying the doctrine of presumption further than this court can go. There was no proof that any homestead was established on the land.

The evidence failed to show any title by limitation. The evidence totally failed to show any holding of the land adverse to the title of Jesus Arispe, and, on the other hand, it showed that appellants always recognized the title of Jesus Arispe, and assisted him in the sale of the land, and also assisted him in using the purchase money.

[2] The record shows that at a term preceding the one at which the cause was tried appellees demanded a jury, but did not pay the jury fee, and the cause was continued on the nonjury docket. On January 1, 1917, the case was called and opportunity given to transfer it to the jury docket, and it was dismissed for want of prosecution, but was afterwards reinstated. No request for a jury was ever made by appellants, and the case was kept on the nonjury docket, and appellants agreed that the case should be tried as a nonjury case, and the case was with that understanding set for a certain night during the January term, 1917. All parties appeared at the time for trial, and

⬷⬸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

then appellants announced that they would take advantage of the demand made for a jury by appellees at a former term of the court. Appellees had lost all right to a jury under that demand, and it is clear that appellants' demand would be of no higher value than theirs. Appellees never at any time demanded a jury. Appellees had never paid any jury fee, and any right to a jury had been waived by them, and it cannot be claimed that appellants, who tried to appropriate their demand for a jury, would be in any better position than that occupied by appellees.

In article 5178, it is provided that on the first day of each term the court shall call the docket, and note thereon in each case whether or not a jury trial is applied for therein, and by which party; and article 5180 makes it incumbent to deposit with the clerk a jury fee of $5 in the district court and $3 in the county court on the same day on which the demand for the jury is made. In this case the jury fee was never paid, and consequently the case was never placed on the jury docket. Evidently appellees had abandoned all desire or intent to have a jury, and appellants could not, to use their language, "take advantage of the demand for jury, in the case." That demand had not developed into a right to a jury, and, being lost to appellees by a failure to comply with the law, it was lost to the appellants. Both parties had agreed at the January term, 1917, to try the cause without a jury; and appellants could not, when the cause was called for trial, resurrect a defunct demand for a jury, made by their opponents, which had never grown into a right. The law will see that the right of trial by jury remains inviolate, but the right must be subject to the rules of decency and order. The demand for a jury must be made at the proper time. Loan & Trust Co. v. Sterner, 57 Tex. Civ. App. 517, 124 S. W. 207, and cases therein cited. The attempt to "take advantage" of appellee's demand for a jury at a former term appears more like a desire to prevent a trial, because, under the circumstances, it was impossible to have a trial by jury at that term. Petrie v. First Nat. Bank, 83 Tex. 424, 18 S. W. 752, 29 Am. St. Rep. 657; Kenedy Improvement Co. v. Bank, 136 S. W. 558. The second assignment of error is overruled.

The third assignment of error is overruled. The paper objected to was properly admitted in evidence. Appellants showed no title to the land, and the instrument signed by Jesus Arispe could not have affected them in the least. Appellants, at least two of them, were present when the agreement to surrender possession of a part of the land was made, and raised no objection to it, and set up no claims to the land.

The fourth assignment of error is overruled. The objections to the deed are without any

force, because they do not go to the legality of the testimony, but rather to its weight. Because it may have contradicted the testimony of appellants would not render it incompetent.

Appellants introduced in evidence the deed from Marcelina Vela to Jesus Arispe for only a single purpose, and then objected to its use for any other purpose by appellees. No reason is given for the objection to the deed being introduced in evidence by appellees. The fifth assignment is overruled.

[3] No grounds are presented for excluding the evidence of W. R. Perkins, an attorney for appellees, as to matters ascertained by him before he was employed as counsel in the case. He could testify to anything he knew, whether he ascertained it before or after his employment as counsel. The sixth assignment of error is overruled.

The seventh, eighth, and ninth assignments of error are totally without merit, and are overruled.

The judgment is affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes