NEW YORK LIFE INSURANCE COMPANY *vs.* EMBASSY REALTY COMPANY, INC.

Suffolk.    December 6, 1934. — February 25, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Mortgage*, Of real estate: mortgagee's rights in equity as to encroachment. *Easement. Equity Pleading and Practice*, Appeal.

On appeal by one only of the parties from the final decree in a suit in equity, the decree cannot be modified in favor of the other party.

Where the maintenance by a landowner of a fire escape overhanging the adjoining real estate, which was registered, and supported by a building thereon did not reduce the value thereof nor impair the security of one holding a mortgage thereof, the mortgagee, who had not fore-

closed and was not in possession, was not entitled to have the maintenance of the fire escape enjoined in a suit in equity even if the defendant landowner had no right as against the plaintiff mortgagee so to maintain it.

BILL IN EQUITY, filed in the Superior Court on November 10, 1933, and afterwards amended.

The suit was heard by *Goldberg,* J.  The bill and material facts found by the judge are described in the opinion.  It was stated in open court in behalf of the plaintiff that it preferred to be left to its remedy at law if it could not obtain injunctive relief.  A final decree was entered dismissing the bill without prejudice to any rights which the plaintiff had to proceed at law.  The plaintiff appealed.

The case was argued at the bar in December, 1934, before *Rugg,* C.J., *Crosby, Donahue,* & *Lummus,* JJ., and afterwards was submitted on briefs to *Pierce, Field,* & *Qua,* JJ.

*R. D. Swaim,* for the plaintiff.

*L. B. Newman,* (*R. E. Ela* with him,) for the defendant.

LUMMUS, J.  The plaintiff is the holder of a first mortgage upon registered land, a strip of which, adjoining the theatre lot of the defendant, is subject to a right of way appurtenant to that theatre lot.  The owners of the equity of redemption of the first mentioned land endeavored to create an easement, appurtenant to the theatre lot, to maintain a fire escape which overhangs the strip used for the way and is supported by the roof of the building on the first mentioned land.  A bill by the plaintiff to restrain the maintenance of the fire escape was dismissed "without prejudice to any rights the plaintiff has to proceed at law," and the plaintiff appealed.

Interesting questions arise upon the contention of the defendant, on grounds not material to this opinion, that its easement, although junior in time of creation, is superior to the plaintiff's mortgage.  This contention need not be considered, for on the plaintiff's appeal the final decree could not be modified in favor of the defendant. *Kilkus* v. *Shakman,* 254 Mass. 274, 280.  *Beacon Oil Co.* v. *Maniatis,* 284 Mass. 574, 577.  Another point disposes of the case.

Even if the easement lacks validity against the plaintiff's mortgage, it does not follow that the plaintiff is entitled to relief. The plaintiff has not foreclosed and is not in possession. The mortgagors or their grantees remain rightfully in possession and control. Under such circumstances, the plaintiff can obtain relief only for waste, or other acts impairing the value of the property as security. *Delano* v. *Smith*, 206 Mass. 365, and cases cited. *Young* v. *Haviland*, 215 Mass. 120, 124. See also *Massachusetts Home Missionary Society* v. *Sirianni*, 252 Mass. 352; *Judkins* v. *Charette*, 255 Mass. 76, 81. The judge found expressly that the maintenance of the fire escape has not reduced the value of the property nor impaired the plaintiff's security. The maintenance of the fire escape can never result in an easement by prescription upon registered land. G. L. (Ter. Ed.) c. 185, § 53. The plaintiff therefore has no cause to complain of the final decree.

*Decree affirmed with costs.*