MERCHANTS DISCOUNT COMPANY *vs.* FEDERAL STREET
CORPORATION & others.

Suffolk. November 2, 1937. — April 8, 1938.

Present: FIELD, LUMMUS, QUA, & DOLAN, JJ.

*Guaranty. Contract*, Implied, Consideration, Construction. *Contribu-
tion. Joint Obligation. Assignment. Equity Pleading and Practice,*
Appeal, Taking bill for confessed.

Upon evidence that, when security given for a debt of one corporation
to another became inadequate in value, two, who as officers were in
control of both corporations, and a stockholder of the debtor corpora-
tion, to prevent liquidation of the security, executed and placed
among the papers of the creditor corporation an unsealed guaranty
of the debt, a finding was warranted that there was an implied con-
tract by the creditor corporation to postpone action as to the security,
which was a legally adequate consideration for the guaranty.

Acts of officers who were in control both of a creditor and of a debtor
corporation, in retaining an instrument of guaranty of "full payment
of all the obligations" of the debtor to the creditor in an envelope
with collateral security for notes, which were outstanding when the
guaranty was received and were discharged upon the receiving of a
new note with the same security as collateral, warranted a finding
that the guaranty also was applicable to the new note.

Upon one of several guarantors of payment of a note paying a part of
the debt in return for an assignment of the note and guaranty to his
nominee, who took with notice, the guaranty could not be enforced
by the nominee against that guarantor and his coguarantors for the
full face value of the note; the coguarantors could be required only
to contribute toward the actual payment for which the creditor had
surrendered the claim.

Notwithstanding the entry of an interlocutory decree taking a bill in
equity for confessed as to one of several defendants sued on a joint
obligation, where thereafter but before a hearing on the merits adjust-
ments were made with the plaintiff by reason of which the cause of
action became unenforceable against all the defendants, this court,
upon appeal by another defendant, ordered the bill dismissed as to all.

BILL IN EQUITY, filed in the Superior Court on October
7, 1933, and amended by a substitute bill allowed on Febru-
ary 28, 1934.

The substitute bill was taken for confessed against the

defendants Federal Street Corporation and Rickard on April 30, 1934.

The suit was heard by *Weed*, J. A final decree was entered adjudging that Chesley was "assignee and holder of the note and guaranty described in the bill of complaint, and" was "entitled to prosecute this suit to a final decree in the plaintiff's name for his own benefit. . . . 3. At the time when the suit was begun the note sued on was in default, and the defendants Gavin, Hutton and Rickard owed the plaintiff in respect of the guaranty sued on the amount due on said note, and now owe Franklin R. Chesley, the plaintiff's assignee, the amount due on said note, as stated in the preceding paragraph of this decree, to wit, $15,121.50. 4. The defendants Federal Street Corporation, Basil Gavin, Joachim D. Rickard and Thomas D. Hutton are ordered to pay within twenty days of the date of this decree the said sum of $15,121.50 with interest from the date hereof to the date of payment to the said Chesley as assignee as aforesaid, together with costs. . . ." The defendant Hutton appealed.

*H. F. R. Dolan*, for the defendant Hutton.

*F. H. Farrell*, for the intervener.

LUMMUS, J. The plaintiff is a corporation, now in liquidation. In 1930 and earlier it was engaged in lending money on commercial paper, secured and unsecured. The defendant Gavin was president, the defendant Hutton was treasurer, and they with the defendant Hackett were among the directors and stockholders. Gavin and Hutton received substantial salaries, and were in charge of the business. Gavin ceased to be president in April, 1933, and Hutton ceased to be treasurer in December, 1933.

The corporate defendant was organized by Gavin in 1926. He furnished the capital and owned substantially all the capital stock, although the defendant Rickard owned some stock. Gavin was president, Hutton was treasurer, and both were directors.

In 1929 the corporate defendant owed the plaintiff $33,-500 upon notes for money borrowed. After the stock market crash in the latter part of that year, the collateral

securing the loan became increasingly inadequate as the market fell. Gavin and Hutton felt responsible to the plaintiff for the loan. They believed that if the corporate defendant could gain time, the collateral would increase in value, but that immediate liquidation would result in a large deficiency. Moreover, they did not wish to disclose to the other directors of the plaintiff the poor condition of the loan. They were in control of both corporations. In this situation, on February 3, 1930, they with Rickard signed an unsealed paper which read as follows: "In consideration of the sum of one dollar paid to us, we the undersigned, hereby guarantee full payment of all the obligations of the Federal Street Corporation to the Merchants Discount Company." This paper was put into the files of the latter corporation. The auditor who was examining its books, deeming the guaranty good, refrained from calling to the attention of the directors the inadequacy of the collateral apart from the guaranty. The judge was right in finding that an implied contract by the plaintiff to postpone for a time the liquidation of the collateral security and the collection of the loan was the real and legally adequate consideration for the guaranty. *Merrimac Chemical Co.* v. *Moore,* 279 Mass. 147, 155, 156. *Gloucester Mutual Fishing Ins. Co.* v. *Boyer,* 294 Mass. 35, 41. *Rainault* v. *Evarts,* 296 Mass. 590, 596. *Howe* v. *Taggart,* 133 Mass. 284, 287. *Kahn* v. *Waldman,* 283 Mass. 391, 394.

On February 24, 1932, the amount due from the corporate defendant to the plaintiff was $31,150, for which on that day a single new note, secured by the same collateral, was given by the corporate defendant. The earlier notes were stamped "paid," and returned to the corporate defendant. But the collateral securing the old notes was made to secure the new note; and the guaranty, which had been given and received because of the deficiency in value of the other collateral, was placed with the other collateral in an envelope and put into the plaintiff's collateral files. All this was done by Gavin and Hutton as the representatives of both corporations, with the approval of Rickard. The language of the guaranty does not necessarily limit its

operation to existing forms of the obligation, nor prevent its application to substituted forms of obligation for the same indebtedness. The acts of the parties furnished a practical construction making the guaranty applicable to the new note of February 24, 1932. We think that the guaranty covered that note. *Lascelles* v. *Clark*, 204 Mass. 362, 373. *Agricultural National Bank of Pittsfield* v. *Brennan*, 295 Mass. 325. *First National Bank of Boston* v. *McGowan*, 296 Mass. 101. *Barishefsky* v. *Cohen*, 299 Mass. 360, 362–363.

In June, 1933, Gavin engaged the services of the defendant Chesley, a lawyer, in a matter not connected with the corporations in question. Gavin and his wife, on July 21, 1933, assigned to Chesley a note for $30,000 which had been made in favor of Gavin by the defendant Hackett. That note had been the property of Gavin, except for an interest in it to the extent of $5,000 held by Rickard, and had been assigned by Gavin to his wife in 1932. Both Chesley and Gavin testified that the assignment of the Hackett note was not as security for legal fees but was absolute. The judge did not find clearly whether that was true. Whatever may have been the truth, we think that the fact will make no difference in the result.

On October 7, 1933, the plaintiff brought the present suit to enforce the note of February 24, 1932, against the corporate defendant, and the guaranty against the three guarantors, and also to reach the interests of Gavin and Rickard in the Hackett note. The bill was taken for confessed against the corporate defendant and Rickard, and was dismissed as against Gavin's wife, Hackett and Chesley. That left only Gavin and Hutton as defendants at the hearing. Only Hutton really defended. The case is here only on his appeal.

In the meantime, on October 7, 1933, Chesley brought a suit against Hackett on the note assigned to Chesley by Gavin and Gavin's wife, to reach Hackett's interest in a partnership, and apply it in satisfaction of the note.

On December 27, 1934, a complete settlement of that suit and a partial settlement of the present suit, were made. Hackett paid $36,000 in satisfaction of his note with in-

terest. Chesley retained all but $15,709.68 for himself. Of that sum, $5,668.98 represented the interest in the Hackett note owned by Rickard. The remainder, $10,-040.70, was advanced by Chesley to Gavin, either as a gift or as a loan or as representing the equity of Gavin in the Hackett note after paying Chesley for his services. Which one of these is the true theory, matters little. In any case, the sum of $10,040.70 became the property of Gavin. The entire sum of $15,709.68 was paid to the plaintiff as a part of the settlement. Out of it, in accordance with the contract of settlement, the plaintiff paid $2,500 in discharge of a claim of one Dolan against Gavin, leaving a balance of $13,209.68, which must be considered the property of Rickard to the extent of $5,668.98 and the property of Gavin to the extent of $7,540.70.

The plaintiff agreed to accept a part payment of $26,000 on the note of February 24, 1932, and thereupon to assign to Gavin the balance of its claim under that note and the guaranty of February 3, 1930, for which the present suit was then pending. The $26,000 was paid as follows: (1) $5,000 by the transfer to the plaintiff of stock of Utah Metal & Tunnel Company, the property of the corporate defendant, which was held as collateral upon the note; (2) $5,668.98 by the application without the consent of Rickard of his interest in the proceeds of the Hackett note, and $7,790.32 more by a set off without the consent of Rickard of his claim against the plaintiff for money to that amount on deposit with the plaintiff, a total of $13,459.30 paid by the use of Rickard's assets; and (3) $7,540.70 paid by Gavin with money coming from Chesley out of the proceeds of the Hackett note. The $26,000 was paid upon and in reduction of the note, leaving $11,896.20 of principal unpaid. It will be noticed that of the $21,000 paid by Rickard and Gavin, Rickard paid much more than his third share as one of three guarantors. Gavin paid only $540.70 more than his third share. Hutton paid nothing.

In satisfaction of the plaintiff's agreement to assign the note and the guaranty to Gavin on payment of the $26,000, the plaintiff assigned them to Chesley as Gavin's nominee

or assignee. On the face of the note, $11,896.20 of principal remained unpaid. Whether Chesley, who was a party to the settlement and by no means a purchaser without notice of the equities, took the assignment as attorney for Gavin, or as security for his advances to Gavin, or for his own benefit, he got no better right than Gavin could have acquired in his position as a guarantor. The principal debtor, the corporate defendant, was and is financially worthless, and any right against it is merely theoretical. But even in theory neither Gavin nor Chesley as his assignee, by the weight of authority, could acquire the note at a discount and then enforce it against the corporate defendant for its full face value, instead of seeking merely reimbursement. Am. Law Inst. Restatement: Restitution, § 80, Comment *a. Bonney* v. *Seely*, 2 Wend. (N. Y.) 481. *Wynn* v. *Brooke*, 5 Rawle (Pa.) 106. *Carroll* v. *Bowie*, 7 Gill (Md.) 34. *Dorsey* v. *Creditors*, 7 Mart. N. S. (La.) 498. *Succession of Dinkgrave*, 31 La. Ann. 703, 707. *Burton* v. *Slaughter*, 26 Grat. (Va.) 914. *Pace* v. *Robertson*, 65 N. C. 550. *Wainwright* v. *Atkins*, 104 Miss. 438. *Appleford* v. *Snake River Mining, Milling & Smelting Co.* 122 Wash. 11, 19. 4 Williston, Contracts (Rev. Ed.) § 1285. Compare *Fowler* v. *Strickland*, 107 Mass. 552; *Manuel* v. *Hicks Iron Works*, 216 Cal. 459. By all the authorities, so far as we can discover, the coguarantors Rickard and Hutton are entitled to the benefit of Gavin's bargain. Against them neither Gavin nor Chesley is entitled to more than contribution towards the actual payment for which the creditor surrendered the claim. Am. Law Inst. Restatement: Restitution, § 81, Comment *d*, Illustration 6. *Rider* v. *Coyne*, 246 Mich. 365. *Sinclair* v. *Redington*, 56 N. H. 146. *Estate of Koch*, 148 Wis. 548, 558. *Stallworth* v. *Preslar*, 34 Ala. 505. *Owen* v. *McGehee*, 61 Ala. 440. *Fuselier* v. *Babineau*, 14 La. Ann. 764. *Tarr* v. *Ravenscroft*, 12 Grat. (Va.) 642. *Faires* v. *Cockerell*, 88 Texas, 428. *Miller* v. *Perkerson*, 128 Ga. 465. See also *Batchelder* v. *Fiske*, 17 Mass. 464, 470.

The real rights of the individual parties were not tried. As the judge ruled, "no question of contribution among the guarantors is at issue under the pleadings." The plead-

ings were not amended after the settlement and the assignment to Chesley, even if they could have been, so as to present the question of contribution. The judge held what we think was the erroneous opinion that "one of two or more guarantors may . . . cause the claim guaranteed to be purchased on his behalf with funds furnished by him, and so kept alive and prosecuted by his designated assignee to final judgment against himself and his coguarantors." We do not find it necessary to decide whether under *Fowler* v. *Strickland,* 107 Mass. 552, that may be done as against the principal debtor, the corporate defendant, which in the present case failed to appeal. We do decide that that may not be done as against the coguarantors Rickard and Hutton.

The interlocutory decree taking the bill as originally drawn for confessed against Rickard does not entitle the assignee Chesley to a final decree against him without any regard to the changed circumstances since the interlocutory decree was entered. It has now become manifest on Hutton's appeal that no relief can be had against him, and Rickard and Gavin, who are liable jointly with him if at all, may benefit from Hutton's appeal. *Mulrey* v. *Carberry,* 204 Mass. 378. *Pofcher* v. *Fisher,* 272 Mass. 78, 83. *Mackintosh* v. *Chambers,* 285 Mass. 594, 599. But the corporate defendant, charged with a several and separate liability, may not. *Pofcher* v. *Fisher,* 272 Mass. 78, 83. *Kilkus* v. *Shakman,* 254 Mass. 274, 280. *New York Life Ins. Co.* v. *Embassy Realty Co. Inc.* 289 Mass. 528, 529.

The final decree is reversed. As against the individual defendants, the bill is to be dismissed. The relief given the plaintiff in the final decree for the unpaid balance of the note is to be limited to the corporate defendant, which did not appeal.

*Ordered accordingly.*