HEALTHCO, INC. *vs.* HARILAOS ZAMBELIS. January 13, 1975. The plaintiff has secured a finding by a judge of the Superior Court against the defendant for the unpaid balance of a promissory note, based on the defendant's written guaranty of prompt payment thereof when due. The case is here on the defendant's exceptions to (1) the judge's implied denial (by inaction thereon) of the defendant's requests for rulings and (2) the judge's order that the guaranty be marked as an exhibit and received in evidence. 1. The only question raised by any of the requests which is argued in the defendant's brief is whether the defendant's contract of guaranty (see G. L. c. 106, § 3-416), which appears on the back of a carbon copy of the note but not on any part of the original thereof (see G. L. c. 106, § 3-401 [1]), could pass to the plaintiff as the holder of the note (see G. L. c. 106, §§ 1-201 [20] and 3-301) by the original payee's indorsement and negotiation of the note to the plaintiff. The short answers (if we ignore the evidence that the copy of the note was attached to the original at the time the defendant signed the copy) are (a) that the note was not indorsed or negotiated to the plaintiff but was transferred to it by common law assignment ("assigns its right, title and interest") and (b) that the plaintiff could maintain the action as such assignee. G. L. c. 231, § 5 (as appearing in St. 1945, c. 141, § 2). See Anderson, Uniform Commercial Code, § 3-202:24, at 768 (1971); Hart & Willier, Commercial Paper Under the Uniform Commercial Code, § 3.06 [5], at 3-13 to 3-14 (1972). The fact that the plaintiff produced the guaranty at trial supports an inference that the guaranty was assigned to the plaintiff along with the note. See *Herrick* v. *Guarantors' Fin. Co.* 58 App. Div. 30, 32 (N. Y. 1901). Compare *Merchants Discount Co.* v. *Federal St. Corp.* 300 Mass. 167, 169 (1938). 2. The guaranty had been received for identification during the course of the trial, and the genuineness of the defendant's signature thereon had been stipulated. There was no error in the judge's taking the further steps of marking the guaranty as an exhibit and formally receiving it in evidence at the conclusion of

the oral arguments. *Kerr* v. *Palmieri*, 325 Mass. 554, 557 (1950), and cases cited.

*Exceptions overruled.*

*Nicholas J. Decoulos* for the defendant.
*John W. Kaufmann* for the plaintiff.