## CORA D. COTTRELL v. J. O. SHULIND.[1]

June 3, 1932.

No. 28,962.

*H. V. Mercer & Company,* for appellant.
*Swan Sigford,* for respondent.

LORING, J.

July 31, 1928, the plaintiff leased to defendant a lower duplex on Franklin avenue west in Minneapolis until August 31, 1929. The lease by its terms renewed itself for another year if no notice of termination was given. None was given, and the premises were occupied by defendant for the second year and thereafter until November 1, 1930. September 15, 1930, defendant's wife notified plaintiff by telephone that if the apartment was not repaired they would move out. Plaintiff replied that she had spent $200 on the apartment a year previous and would not spend any more then. Nothing more was said, and defendant moved out on November 1, 1930. Rent was paid as usual for September and October, the two months after the written lease expired.

This suit was brought to recover the rent for November and December, 1930, and January, 1931. Findings were made in favor of the plaintiff, and defendant has appealed to this court from an order denying his motion for a new trial.

[1] Reported in 243 N. W. 62.

The defendant attacks the complaint as not stating a tenancy, but we consider it broad enough to admit evidence of a tenancy from month to month and that such a tenancy was created by the holding over for the two months after the expiration of the written lease. The fact that the janitor obtained the keys and cleaned up the apartment after defendant left does not in our opinion compel a finding of consent by the plaintiff to the surrender of the premises. Lucy v. Wilkins, 33 Minn. 441, 442, 23 N. W. 861. No notice was given which would terminate a tenancy from month to month, G. S. 1923 (2 Mason, 1927) § 8191, and the defendant was properly held liable for the rent sued for.

Order affirmed.