WILSON BROS. LUMBER COMPANY *v.* FURQUERON.

4-6878 166 S. W. 2d 1026

Opinion delivered November 30, 1942.

*Barney & Quinn,* for appellant.

*Steel & Edwardes,* for appellee.

SMITH, J. Appellants, who operate a lumber business in the city of Texarkana, Arkansas, sold lumber from time to time to a partnership composed of W. H. Furqueron and Bill Smith. Some, but not all, of these sales were made under a guaranty of payment made by Furqueron's sister, Nellie, but there was no continuing guaranty to pay for any or all lumber bought by Furqueron & Smith, as some sales were made to them without this guaranty. It had been the practice in all cases for Furqueron & Smith to sell the lumber purchased and to make settlements therefor out of the proceeds of the resale by Furqueron & Smith.

Such sales were made by appellants to Furqueron & Smith on May 8, 1940, of a bill of lumber amounting to $221.51, and two bills of lumber on May 10, 1940, one for $284.37 and the other for $228.89, making a total of $734.77.

It is not contended that these sales were made under any guaranty of payment by Miss Furqueron. After purchasing the lumber it was hauled in trucks by Furqueron & Smith into the State of Texas, where Smith absconded with a part of the lumber. Furqueron returned to Texarkana and reported that fact to appellants who prepared a paper writing which they requested Furqueron to have his (Furqueron's) sister to sign reading as follows:

"Wilson Bros. Lbr. Co.

"I guarantee the payment of the above amount within 7 days from date. Signed this the 17th day of May, 1940.

(Signed) "Nellie Furqueron."

This writing was attached to the invoice of the lumber.

Miss Furqueron testified that no one spoke to her about the matter except her brother, and he did not explain to her that Smith had absconded with a portion of the lumber, and that she would not have signed the paper had she been so advised.

Furqueron sold a portion of the lumber which Smith had not absconded with and paid appellants the proceeds

of that sale. He also returned to appellants a part of the lumber which he had not sold amounting to $144.59, and was given credit for both items.

Suit was brought for the face of the invoices, less the credits mentioned, against Furqueron and his sister. The balance sued for was $483.54. Furqueron filed an answer and a cross-complaint, which he later dismissed, and a verdict was directed against him by the court for the balance due, from which judgment there is no appeal by him.

The question of Miss Furqueron's liability was submitted to the jury, and a verdict was returned in her favor, and from the judgment thereon is this appeal.

The liability of Miss Furqueron, who defended upon the ground that there was no consideration for her guaranty, was submitted to the jury under instructions to which no objections were made and which are not now questioned, and reversal is asked upon the ground only that the verdict is contrary to the law and the evidence.

There appears in the opinion in the case of *First National Bank of Fort Smith* v. *Nadkimen,* 111 Ark. 223, 163 S. W. 785, Ann. Cas. 1916A, 968, a quotation from 20 Cyc., pp. 1413 and 1417, which declares the law applicable to the issues in this case reading as follows:

" 'It is essential to a valid contract of guaranty that there be a sufficient legal consideration. If there is not to be found in the contract either a benefit to the principal debtor, or to the guarantor on the one hand, or some detriment to the guarantee on the other, the contract will fail for want of a consideration. The mere naked promise in writing to pay the existing debt of another without any consideration therefor is void. . . . The guaranty of a pre-existing debt relates to a past consideration and therefore to be valid must be based upon a new and additional consideration. Such a consideration may be found in an agreement to extend the time of the payment of the debt, or to forbear suit thereon. And a promise to forbear generally without specifying any time is a sufficient consideration. But mere forbearance to sue the debtor,

without any agreement to that effect on the part of the creditor, is not a sufficient consideration for a guaranty of the debt.' "

The instructions of the court conformed to this declaration of the law.

For the reversal of the judgment it is insisted that there was a benefit flowing to Furqueron & Smith and that the indulgence granted them and the loss sustained by appellants constituted a valuable consideration sufficient to sustain the guaranty.

Appellee insists that there was no such testimony, but, if so, that it was disputed and that this question of fact has been concluded by the verdict of the jury.

In testing the sufficiency of the testimony to support the verdict in favor of the appellee we must, of course, give it the highest probative value of which it is susceptible, and it is to the following effect. The lumber had been sold and delivered nearly a week before appellee signed the guaranty. No extension of time for payment was asked, and none was given.

The complaint was amended to allege that the sentence, "I guarantee the payment of the above amount within 7 days from date," meant, and was intended to mean, that an extension of seven days was given in which to pay for the lumber, and that this was an indulgence given to the principal debtor, which constituted a sufficient consideration for the guaranty.

Both Furqueron and his sister testified that no extension of time was asked or given, and that ultimately Furqueron returned part of the lumber and was given credit for it.

The writing which appellee signed is not in conflict with this testimony, as it merely promises to pay the bill within seven days. But there must have been, of course, a consideration for this agreement before it will be enforced, as a mere agreement to pay an existing debt without a consideration for such an agreement is not enforceable, and whether there was such a considera-

tion was the question of fact submitted to the jury, and as there was substantial testimony to support the verdict the judgment pronounced thereon must be affirmed, and it is so ordered.

GRIFFIN SMITH, C. J., dissents.