**In the Matter of Kenneth G. WUDRICK, Bankrupt.**

**In the Matter of George G. SCHLUCTER, Jo Ann O. Schlucter, Bankrupts.**

**In the Matter of James E. ROON, Vivienne O. Roon, Bankrupts.**

Nos. 42121–HP, 27741, 27742–FW, 23840–S and 23841–S.

United States District Court
C. D. California.

Oct. 27, 1969.

Robinson, Wolas & Hagen, Los Angeles, Cal., for trustee, petitioner on review in Nos. 42121, 23840 and 23841.

Slate & Leoni, Los Angeles, Cal., for bankrupt, respondent on review Kenneth G. Wudrick.

Sprague & Clements, Los Angeles, Cal., for trustee, petitioner on review in Nos. 27741 and 27742.

Slate & Leoni, Los Angeles, Cal., for bankrupts, respondents on review George G. and Jo Ann O. Schlucter.

Danning & Gill, Sherman Oaks, Cal., for bankrupts, respondents on review James E. and Vivienne O. Roon.

## MEMORANDUM OPINION

WESTOVER, District Judge.

Title 11, United States Code, § 24 provides:

"This title shall not affect the allowance to bankrupts of the exemp-

tions which are prescribed by \* \* \* laws of the United States or by the State \* \* \* wherein they have \* \* \* their domicile for the six months immediately preceding the filing of the petition, \* \* \*."

The California law pertaining to the types of exemptions claimed by the bankrupts in the above-numbered cases is found in § 15406 of the California Financial Code (exemption to $1500) and in Code of Civil Procedure § 690.21 which exempts

> "Shares of stock in any building and loan association to the value of one thousand dollars."

The three bankruptcy reviews now under consideration by the District Court —George G. and Jo Ann O. Schlucter, Nos. 27741 and 27742 (hereinafter "Schlucter"), Kenneth G. Wudrick, No. 42121 (hereinafter "Wudrick"), and James E. and Vivienne O. Roon, Nos. 23840 and 23841 (hereinafter "Roon") —have to do with exemptions claimed by the parties in bankruptcy. There is no dispute in the facts of the cases; controversy arises only from the conclusions which may be drawn from the facts presented.

## WUDRICK

In Wudrick it appears that on the eve of filing a voluntary petition in bankruptcy, Kenneth G. Wudrick consulted an attorney relative to rights and liabilities incident to bankruptcy. At that time Wudrick owned a 1964 Ford station wagon (worth approximately $1200) and a 1966 Ford Econoline van (worth approximately $1600) neither of which was encumbered.

The attorney referred Wudrick to ATLANTIC FINANCE COMPANY for the purpose of borrowing $2,197.00, using said motor vehicles as security for the loan. Wudrick used approximately $897.00 of the borrowed funds to pay various bills, depositing the remainder of $1300 in the ST. JOSEPH'S CHILDREN EMPLOYEES FEDERAL CREDIT UNION, pursuant to and in accordance with his attorney's instructions.

The attorney then prepared bankruptcy schedules, claiming as exempt the money on deposit in ST. JOSEPH'S CHILDREN EMPLOYEES FEDERAL CREDIT UNION, which petition in bankruptcy was signed by Wudrick and filed. The Trustee denied the claimed exemption, which denial was sustained by the Referee. The matter now is before this United States District Court upon petition for review.

## SCHLUCTER

Mr. and Mrs. Schluster consulted attorneys relative to filing petitions in bankruptcy. At that time the Schlucters owned a 1963 Cadillac automobile which was free and clear of any encumbrance. Upon advice of counsel they went to the ATLANTIC FINANCE COMPANY and borrowed on said automobile the sum of $1568.00.

From the stipulation of facts on file herein it appears that an employee of the attorney accompanied George G. Schlucter to UNION FEDERAL SAVINGS AND LOAN ASSOCIATION where, from the borrowed funds, an account was opened for $950.00 in the names of George G. Schlucter and H. H. Slate, bankruptcy counsel for Schlucter.

From the remainder of the borrowed funds the sum of $450.00 was applied to bankruptcy attorney fees and $100.00 paid for filing fees; the balance—$68.00 —was used by the Schlucters for living expense. The attorney then prepared the petitions in bankruptcy for the Schlucters, listing in the petition of George G. Schlucter as exempt the $950.00 on deposit in his name and in the name of the attorney, H. H. Slate, in UNION FEDERAL SAVINGS AND LOAN ASSOCIATION.

The Trustee refused to allow the account as exempt property, which refusal was sustained by the Referee; whereupon the petition for review now before this court was filed.

## ROON

James E. and Vivienne O. Roon were owners of an encumbered community

property automobile. They went to the Security First National Bank and refinanced the automobile. From the proceeds of the refinanced loan, after paying off the existing secured obligation on the vehicle and attorney fees in bankruptcy, they deposited $800.00 in UNION FEDERAL SAVINGS AND LOAN ASSOCIATION in the name of James E. Roon. Roon also sold certain securities owned by him as his separate property and deposited the proceeds therefrom—$320.04—in PERPETUAL SAVINGS & LOAN ASSOCIATION.

Vivienne O. Roon also sold her separate property securities and deposited the proceeds—$455.00—in her name in UNION FEDERAL SAVINGS AND LOAN ASSOCIATION.

The Roons then filed bankruptcy petitions in which each of the accounts was claimed as exempt. The Trustee failed to follow the provisions of General Order No. 17 (Bankruptcy) and inasmuch as no notice with reference to the claimed exemptions was received from the Trustee nor from the bankruptcy court, upon advice of counsel the Roons withdrew the funds from their respective accounts and spent the money.

Some two years after the Roons listed the accounts as exempt property the Trustee filed an application to have the validity of the claims determined. Upon hearing, the Referee found that the exemptions claimed were valid; that the actions of the bankrupts in setting up the accounts were proper; that the Trustee had abandoned said accounts through inaction, and that the bankrupts had acted in justifiable reliance upon said abandonment. The Trustee sought review in this United States District Court.

## DISCUSSION

From argument and statements of counsel at the hearings before this court, it appears that the foregoing facts set forth a prevailing procedure among some of the bankruptcy attorneys in this district. Counsel, consulted by persons con-templating bankruptcy, inform the prospective clients of the exemption statutes and then further advise them to convert non-exempt property into exempt property. Inasmuch as conversion of non-exempt to exempt property is consummated in contemplation of bankruptcy and upon advice of counsel and establishes a new debt on the eve of filing in bankruptcy, the question has arisen whether such procedure should be condoned and approved by the court.

In Wudrick the Referee wrote a "Memorandum Opinion re Objections to Trustee's Report of Exempt Property" in which he said:

"The money deposited in the St. Joseph's Children Employees Federal Credit Union was admittedly the proceeds of a new loan procured on the eve of and in contemplation of the filing of bankruptcy. The loan was procured upon advice of counsel who were consulted and retained to and who did file the present bankruptcy proceedings. * * *.

"It should also be noted that the bankrupt has the burden of sustaining the claim of exemption. The bankrupt in the present case did not introduce any evidence to show that the St. Joseph's Children Employees Federal Credit Union was an institution qualified under Section 15406 of the Financial Code or that the bankrupt was qualified to become a member thereof or that the bankrupt's deposit therein was exempt under Section 690.26 (9) of the Code of Civil Procedure. The bankrupt has not sustained the burden in this respect, but assuming arguendo that it is an entity duly qualified, that it can accept deposits from other than its own employees, it is the opinion of the court that such transaction is a scheme conceived to defraud creditors by creating a new obligation in contemplation of bankruptcy."

In Schlucter the Referee in his "Memorandum Opinion, Findings of Fact, Con-

clusions of Law and Order re Objection to Report of Exempt Property" said:

"* * *. The stipulation [of facts] also shows, that what was done in this case was not an isolated instance, but that it is the general prevailing practice which has been followed by counsel in this case, for many years, * * *. This ingenious device conceived by counsel for the bankrupt, of attempting to secure an exemption through a newly-created debt in contemplation of bankruptcy, presents not only several legal questions as to the validity of the transaction, but also whether the practice can and should be condoned and approved by the Bankruptcy Court as a court of equity in which equitable principles apply."

The Referee then inquires:

"First, is the loan a bonafide transaction or is it simply a device, pretense and subterfuge. Second, was this an actual and bonafide conversion, disposition or sale of non-exempt property, or did the bankrupt in truth and in fact retain title possession, custody and control of the non-exempt property through this artifice and device. Third,[1] *can an insolvent debtor in contemplation of bankruptcy create a new debt or obligation solely and specifically for the purpose of using the proceeds of such newly-created obligation to acquire exempt property.* * * *."

And the Referee states further:

"The law is clear that the acquisition of exempt property by an insolvent debtor on the eve of bankruptcy is not ipso facto fraudulent as to creditors in existence. * * *. The facts in the instant case, however, show that the bankrupt created a new and specific debt, i. e. the loan upon his non-exempt automobile, for the sole purpose of depositing the proceeds in the savings and loan association in order to claim it as exempt, and then to pay off the loan on his automobile and by that

device and scheme to secure indirectly a non-exempt asset at the expense of the bankrupt estate and its creditors. It is the opinion of the court that in the instant case there was actual and deliberate fraud and hence the exemption claimed should not be allowed because as stated a new and specific debt was created to obtain such exemption. * * *.

"* * *.

"The evidence in the present case leaves no doubt of 'substantive evidence' of a deliberate scheme on the part of the insolvent debtor to defraud his creditors by the ruse set forth. The bankrupt deliberately and schematically created a new debt, the proceeds of which he diverted to and converted to an asset to be claimed as exempt.

"It seems to the court that the device conceived by counsel is inconsistent with the objectives and purposes of bankruptcy. * * *."

In Roon the Referee found that the Trustee never filed a report of the exempt property acquired through refinancing the non-exempt automobile and never took legal steps in opposition to the claimed exemption until he filed an application to determine validity of the claims some time after the Roons' discharge in bankruptcy. The Referee also found that the bankrupts did not receive any notice the claimed exemptions had not been allowed and, upon advice of counsel, used for their own purposes the money in the accounts claimed to be exempt; and the Referee found further that no part of said sums remained on hand at the time the Trustee filed his application to determine exemptions.

The Referee also found that the Roons withdrew and spent said moneys in justifiable reliance upon the inaction of said Trustee in Bankruptcy, upon advice of counsel, without any intent to, nor did they thereby, defraud creditors; and that if the moneys were ascertained to be not exempt, it would be greatly inequit-

---

1. *Emphasis supplied.*

able to bankrupts and of no material benefit to creditors to require bankrupts to return said moneys to the Trustee. And the Referee concluded that:

"The actions of Bankrupts detailed in the Findings of Fact and each of them were not fraudulent as to creditors as a matter of law.

"The Trustee's failure to file his report of exempt property within the period of five days from the First Meeting of Creditors as required by General Order 17 of the U. S. Supreme Court, and his failure to file any document with reference thereto until 15 months later, constitute an abandonment of the assets claimed exempt, even if not exempt, and he is, further, estopped from recovering said moneys, in view of Bankrupts' change of position in reliance upon his inaction."

At the hearings before the District Court it was stated that the policy of the bankruptcy courts in this District is to send no notice to the bankrupt nor to his attorney if the claimed exemptions are allowed; but if the claims are disallowed, then notice is sent to the bankrupt and to his counsel. Inasmuch as no notice had been received, it was assumed by the attorney that Roons' claimed exemptions had been allowed.

The argument can be answered very simply. The records and files of the bankruptcy court are open to public scrutiny, and it would not have presented any great difficulty to counsel for the Bankrupts to have examined the files and records to ascertain the status of their claims. Inasmuch as this was a public record counsel, employed by and representing the Roons, was put on notice that their claims had not been allowed. He was at fault in not ascertaining the status of his clients' claimed exemptions by examination of the records and files.

This Court finds no merit in the Referee's conclusion that there had been an abandonment of the assets claimed as exempt. Abandonment takes positive action.

This Court also finds no merit in the Referee's finding that the Trustee was estopped; had counsel for the Roons examined the record before authorizing use of the money, he would have ascertained that no action had been taken by the Trustee relative to the claimed exemptions; and had the Referee's attention then been directed to the matter, the Referee could have seen that proper action was taken by the Trustee.

Hence, this bankruptcy proceeding presents the same issue as presented in Wudrick and in Schlucter—*whether the practice of converting non-exempt property into exempt property by creating a new debt at the suggestion of and with the assistance of counsel for the insolvents is to be approved and condoned by the bankruptcy court as a court of equity.*

Twenty-two years ago one of the most highly respected judges of this court, Honorable Leon R. Yankwich, wrote an opinion on the subject of exemptions in bankruptcy. In re Dudley, D.C., 72 F. Supp. 943; (affirmed—9 Cir., 166 F.2d 1023). In that case the Referee held that purchase of Hollywood Building and Loan Association stock in the value of $1,000.00 about a week before bankruptcy adjudication, at a time when the bankrupt was heavily indebted and clearly insolvent, was a fraud on the creditors. Judge Yankwich said, pages 945 et seq.:

"* * *, the opinion, insofar as it holds that the acquisition of such exempt property with non-exempt funds by an insolvent debtor is, ipso facto, fraudulent, is unsound and should not be followed. For, if it were, the entire law of exemptions would be destroyed, and every Trustee could invalidate any acquisition of exempt property within the four-months period prior to adjudication. It is to be borne in mind that our Circuit

Court of Appeals has held that the effect of the exemption of property under state statutes is that the property does not pass to the trustee and is 'not subject to administration by the bankruptcy court.'

"An analysis of the opinion on which the claim of the Trustee is based leads to the conclusion that the Referee relied solely on cases in which the courts were satisfied that the acquisition of exempt property was a part of a scheme to divert non-exempt funds to exempt property, under circumstances which constituted actual fraud. " * * *.

" * * *. If the mere acquisition of exempt property while insolvent were sufficient ground to destroy the exemption, the acquisition of *any* such property, within the four-months' period, could be nullified, and the protection which the state law gives to a debtor, *even against the solemn money judgment of a court,* would be denied him against creditors in bankruptcy. * * *.

" * * *.

"In sum: the California statute places no time limit on the exemption of building and loan stock to the value of *one thousand dollars.* It does not say *when* building and loan stock must be acquired in order to be exempt. Nor does it say that the person *shall be solvent* at the time of acquisition. To sustain the Referee in this case, we would have to impose a time limit and make solvency a condition precedent to exemption. This would mean reading into the state statute restrictions *which are not there.* * * *. And, *as there is no showing of actual fraud,* the stock is immune against the creditors and never passed to the trustee."

In re Dudley, supra, states the prevailing rule in the Ninth Circuit. Love v. Menick, 9 Cir., 341 F.2d 680.

In Wudrick and in Schlucter the Referee, after hearing testimony and evaluating the evidence presented to him, made specific findings of fraud, finding in Wudrick that *the transaction was a scheme conceived to defraud creditors by creating a new obligation* in contemplation of bankruptcy. In Schlucter the Referee stated that in his opinion there was *actual and deliberate fraud* and, therefore, the exemption should not be allowed because *a new and specific debt was created to obtain such exemption.*

In Roon the Referee made no finding of fraud. On the contrary, he states that the actions of the Bankrupts and each of them "were not fraudulent as to creditors as a matter of law."

■ The United States Court of Appeals for the Ninth Circuit reiterates the rule in Costello v. Fazio, 256 F.2d 903 at 908, that a district court must accept the findings of a referee in bankruptcy *unless such findings are clearly erroneous.*

## CONCLUSION

■ This Court has thoroughly examined the records and files in each of these three cases and at the hearings on review heard counsels' arguments, theories and explanations and is of the opinion that the findings in Wudrick and Schlucter are not erroneous and that the evidence sustains the Referee's findings.

In Roon the evidence presented supports the Referee's finding that the actions of the Bankrupts were not fraudulent.

Counsel for the prevailing party in each of these three cases shall prepare formal order in conformity with the foregoing, said order to be lodged with the court for signature on or before November 10, 1969.