## J. STUART MARKOE AND ANOTHER v. NAIDITCH AND SONS AND ANOTHER. JACK LEHTINEN, APPELLANT.

226 N. W. 2d 289.

January 24, 1975—No. 44605.

*Jack Lehtinen,* pro se, for appellant.

TODD, JUSTICE.

Defendant Jack Lehtinen appeals from an order denying his alternative motions for amended findings or a new trial. The district court ordered judgment for plaintiffs, J. Stuart Markoe and Richard Markoe, against defendant Naiditch and Sons, and for Naiditch and Sons on their cross-claim against appellant in an action for rent and costs in connection with a month-to-month lease. We affirm.

Naiditch and Sons is a partnership engaged in the business of development and management of rental properties. From 1966 on, it rented, for the storage of furniture, the fourth floor of a commercial building owned by plaintiffs. The premises were rented initially under two 2-year leases and subsequently under a month-to-month oral lease.

In September 1971, the partnership sold the furniture stored on plaintiffs' premises to Jack Lehtinen for use in apartment buildings that he managed. Naiditch and Sons and Lehtinen agreed that Lehtinen would pay the rent on plaintiffs' property until the furniture was removed.

Lehtinen began removing the furniture in October 1971. In October or November 1971, he told Stuart Markoe of the purchase of the furniture and indicated that he would be out of the premises as soon as possible. No written notice of termination was given by either Naiditch and Sons or Lehtinen.

After paying the rent for October and November, Lehtinen left the Markoe premises for the the last time in December 1971. In April 1973, pursuant to an order of the fire marshal, Stuart Markoe had all remaining material removed from the premises and hauled away and dumped as junk. Among the items removed were couches without legs, lawn furniture, several mattresses and bed springs, some end tables, and some lamps. In May 1973, this action was tried.

Minn. St. 504.06 requires that notice of termination of a month-to-month tenancy be written. Our decisions have consistently required strict statutory compliance. See, e. g., Cottrell v. Shulind, 186 Minn. 292, 243 N. W. 62 (1932); King v. Durkee-Atwood Co. 126 Minn. 452, 148 N. W. 297 (1914).

The actions of Naiditch and Sons and Lehtinen amount to no more than an abandonment of the leased premises. In Gruman v. Investors Diversified Services, Inc. 247 Minn. 502, 507, 78 N. W. 2d 377, 380 (1956), we stated the following rule:

"* * * [A] lessee's unilateral action in abandoning leased premises, *unless accepted by his lessor*, does not terminate the lease or forfeit the estate conveyed thereby, nor the lessee's right to use and possess the leased premises and, by the same token, his obligation to pay the rent due therefor. Haycock v. Johnston, 81 Minn. 49, 83 N. W. 494, 1118; Id. 97 Minn. 289, 106 N. W. 304."

There is no evidence of acceptance in the facts of this case. As

landlords are under no obligation in Minnesota to mitigate damages after a tenant abandons leased premises, Control Data Corp. v. Metro Office Parks Co. 296 Minn. 302, 208 N. W. 2d 738 (1973), the judgment against Naiditch and Sons was proper.

The trial court found that Lehtinen assumed responsibility for the rent of the premises. When an action is tried by the court without a jury, its findings will not be reversed on appeal unless they are clearly erroneous. Duffy v. Park Terrace Supper Club, Inc. 295 Minn. 493, 206 N. W. 2d 24 (1973). A careful review of the record and proceedings herein indicates that the evidence more than adequately meets this standard.

Affirmed.