**In the Matter of Ike SLODOV.**

**No. B70–4787.**

United States District Court,
N. D. Ohio, E. D.

Aug. 31, 1976.

Richard E. Kleinman and Donald McFadden, Cleveland, Ohio, for the debtor-petitioner.

Ebert Weidner, Cleveland, Ohio, for the creditor-respondent.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

### STATEMENT OF FACTS

In late January, 1969, Doctor Slodov began negotiations with the then owners of a corporate group hereinafter referred to as "Tastee" for the purchase of their interests in the business. At the time of those negotiations, Tastee was in a precarious financial position and had a loan with National City Bank in excess of $300,000, which was due on January 31, 1969. In addition, there were substantial other debts as well as a federal tax payment due on January 31, 1969, in excess of $140,000.

Doctor Slodov went to Mr. William C. Williams, a vice-president of National City Bank, and expressed his interest in acquiring Tastee and asked what it would take from him to avoid the loan being called; or in a more legalistic way, he requested an extension of the loan. On January 29, 1969, Ike and Luba Slodov executed and delivered their "Unconditional and Continuing Guarantee" to National City Bank and also delivered his personal financial statement to Mr. Williams in accordance with an early discussion; and Mr. Williams agreed to consider extending the loan. Thereafter, it was agreed that National City Bank would allow Doctor Slodov "to attempt to run the business." (r–14). No specified time was spelled out.

Doctor Slodov took over Tastee on January 31, 1969. At that time, checks were mailed to Internal Revenue Service drawn on the accounts at National City Bank to pay currently withheld taxes. Late that night or early the next business day, it was discovered that there was no money in the Tastee checking accounts to cover these checks; and on Monday, February 3, 1969, Tastee requested National City Bank to stop payment on the several checks to the Internal Revenue Service. Mr. Williams advised Doctor Slodov on February 4, 1969, that the loan was being called and on February 5, 1969, sent a letter to Tastee, Doctor Slodov, and the sellers calling the loan.

In an effort to protect his investment, Doctor Slodov met with Mr. Williams to seek further time. At a meeting held February 6, 1969, Mr. Williams was able to procure security for the naked signatures on the January 29, 1969, guarantee, a mortgage on real estate in Lake County, and a junior pledge of stock in Empire Life Insurance Company. With these documents in hand, National City Bank through Mr. Williams permitted Tastee to continue to function until late summer when the operation ultimately closed its doors and filed bankruptcy.

National City Bank seeks to hold Ike Slodov liable on the guarantee and claims to hold a valid mortgage on land in Lake County. Doctor Slodov has objected to the claim of National City Bank upon a number of grounds but particularly the lack of consideration from National City Bank to Doctor Slodov for either the guarantee or the mortgage and pledge.

### THE ISSUES

Two issues have been certified upon which Doctor Ike Slodov has petitioned for a review of the Bankruptcy Judge's decision:

1. Whether there was any consideration to support the unconditional guarantee from Doctor Slodov to National City Bank on January 29, 1969.
2. Whether there was any consideration to support the giving of the mortgage of real estate and pledge of stock from Doctor Slodov to National City Bank on February 6, 1969.

### OPINION

Ohio authority is split concerning the validity of forbearance for an indefinite time as consideration. Chronologically, the first leading Ohio case addressing the matter was *Andrews v. Campbell*, 36 Ohio St. 361 (1881). The Court in *Andrews* rejected the promise of forbearance as invalid consideration because the agreement "stipulated for no definite time of delay, and none was in fact given." However, it should be noted that the Court refused to imply a valid

contract where there was no evidence of an agreement to forbear other than the actual act of forbearance. As a result, the Court construed the act of forbearance in *Andrews* as voluntary. This Court finds that the logical result of the *Andrews* decision in requiring a "definite time of delay" in forbearance need not be a requirement of specified temporal duration, as in number of months or years, but may be construed as a requirement of evidence of an agreement to forbear as a requisite for considering actual forbearance as valid consideration. One year later, the Ohio Supreme Court expounded further upon the topic of forbearance as consideration:

That Robert G. Martin, by assenting to an agreement between S. B. Martin and Banta, for an extension of time for payment of the notes and endorsing his name thereon, would render himself liable for their payment, admits of no doubt; *and the agreement would be equally binding whether such extension be in terms for a reasonable time, or until next spring, or for a year. Banta v. Martin*, 38 Ohio St. 534, 536 (1882). (Emphasis added).

This Court finds that the ruling in *Banta* clearly states that an agreement to forbear for a "reasonable time" would be binding. While "reasonable time" is not defined in this context, it appears to be differentiated from "next spring" or "for a year." This Court finds that a "reasonable time" need not be defined by a specified period of days, but may be established by an ascertainable standard.

Contrary to *Andrews v. Campbell, supra,* it has been held in Cuyahoga County Circuit Court that acceptance of a guaranty coupled with actual forbearance creates a presumption of agreement to forbear. *Warren Paint Company v. Swihart*, 16 Ohio C.C., N.S., 16, 19 (1913).

*Andrews v. Campbell, supra,* is more recently cited as Ohio authority for the proposition that a promise to forbear is not sufficient consideration where no definite time of forbearance is fixed. *Kellogg-Mackay Co. v. O'Neal*, 39 Ohio App. 372,

384, 177 N.E. 778. To the extent the forbearance is for an indefinite time which can be construed as calling for some reasonable period of forbearance, this Court finds an inescapable conflict between the interpretation of *Andrews, supra,* in *Kellogg, supra,* and the finding of the Ohio Supreme Court in *Banta, supra.* This Court finds such conflict is most properly resolved by adhering to the more reasonable majority view outside of Ohio: a creditor's promise to forbear for an indefinite time which can be construed as calling for some reasonable period of forbearance is a good consideration for a guaranty of a debt. *Jones v. Britt,* 168 F. 852 (6th Cir. 1909); *Wilson Bros. Lumber Co. v. Furqueron,* 204 Ark. 1064, 166 S.W.2d 1026 (1942); *Merchants Discount Co. v. Federal Street Corp.,* 300 Mass. 167, 14 N.E.2d 155, 118 A.L.R. 412 (1938). Such a view is also more compatible with general Ohio contract law imputing agreement for duration of a reasonable time for a party's performance on a contract where no duration is specified. *Richter v. First National Bank,* 82 Ohio App. 421, 38 Ohio Ops. 69, 80 N.E.2d 243 (1948); O.R.C. § 1302.22.

■ In the instant case adequacy of consideration is questioned in each of two separate agreements. The first agreement, on January 29, 1969, involved forbearance by National City Bank from immediately calling the loan and an agreement by National City Bank to forbear for an indefinite period of time, such period of time governed primarily by ability to pay federal taxes. The Court finds that the action of creditor National City Bank included: (1) forbearance from exercising the right to call a loan at a particular point in time, (2) agreement to forbear from calling a loan for an indefinite length of time, and (3) ascertainable standards with which the debtor must comply to assure continued forbearance by the creditor. In view of the previous discussion, the Court finds that such a set of circumstances surrounding an agreement to forbear need not, as a matter of Ohio law, constitute insufficient consideration for Slodov's unconditional guarantee. Slodov's eventual failure to comply with the standard which assured continued forbearance does not retroactively create a prior insufficiency of consideration; debtor Slodov's failure to comply with the standard does, however, give creditor National City Bank the right to call the loan, and terminate the duration of the bargained-for forbearance.

■ The second agreement on February 6, 1969 was made upon Slodov's inability to pay federal taxes as required under the previous agreement. On February 6 Slodov mortgaged certain real estate and tendered certain stock in return for National City Bank's agreement not to call the loan, and in return for National City Bank's agreement to forbear from calling the loan for an indefinite period of time—such period of time governed by Mr. Slodov's infusion of capital into the enterprise and by Mr. Slodov's ability to conduct the enterprise. National City Bank extended the loan for five months. The Court finds the actions of National City Bank on February 6 included (1) forbearance from exercising the right to call a loan at a particular point in time, (2) agreement to forbear from calling a loan for an indefinite length of time, (3) ascertainable standards with which the debtor must comply to assure continued forbearance by the creditor, and (4) actual forbearance by the creditor from calling the loan for a reasonable period of time. The Court finds these actions need not, as a matter of Ohio law, constitute insufficient consideration for the agreement of February 6, 1969.

■ The Bankruptcy Judge found there was consideration given by creditor-respondent National City Bank for each of the agreements made January 29 and February 6, 1969. In reviewing the Bankruptcy Judge's findings, this District Court is bound by the Bankruptcy Court's determinations unless they constitute an abuse of discretion, *In Matter of Colorado Corporation, Bankrupt,* 531 F.2d 463 (10th Cir. 1976), or they are clearly erroneous. *In re Kirk Kabinets, Inc., also d.b.a. Alco Cabinets Inc., Bankrupt,* 393 F.Supp. 798 (M.D. Ga. 1975); *In re Wudrick,* 305 F.Supp. 1123 (D.C. Cal. 1969), aff'd in part, rev'd in part

on other grounds, 9 Cir., 451 F.2d 988. The Court finds the decision of the Bankruptcy Court was neither clearly erroneous nor an abuse of discretion.

IT IS SO ORDERED.