SHERATON SERVICE CORPORATION *vs.* PETER J. KANAVOS and others. November 18, 1976. The individual defendants challenge the granting of summary judgment in favor of the plaintiff, Sheraton Service Corporation (Sheraton). Aside from their contention that Sheraton's supporting affidavit fails to comply with Mass.R.Civ.P. 56, 365 Mass. 824 (1974), which we find groundless, the only issue which the defendants raise to avoid summary judgment is lack of consideration for their guaranty of the debt of Dedham Inn, Incorporated (Dedham). That argument also fails. The individual defendants, two officers of Dedham and their wives, guaranteed Dedham's obligations at a time when Sheraton had refused to make further deliveries and could have brought suit for money owed to it by Dedham for past shipments. As a result of the guaranty, Sheraton resumed deliveries and refrained from taking

legal action for over six months until it became obvious that no pay-
ments by either Dedham or the guarantors would be forthcoming. It is
settled that a party suffers legal detriment sufficient to constitute con-
sideration when he does something which he was privileged not to do
or gives up something which he was privileged to retain. Williston, Con-
tracts § 102A, at 382 (3d ed. 1957). *Graphic Arts Finishers, Inc.* v. *Bos-
ton Redevelopment Authy.* 357 Mass. 40, 42-43 (1970). If a party to a
contract is no longer bound to fulfill it because of the default of the
other party, either a promise made by the injured party to resume per-
formance under the contract or the actual completion of it by that party
is sufficient consideration to support a promise to pay made by a third
party. Williston, Contracts § 131B, at 555 (3d ed. 1957). See *Ogden* v.
*United Bank & Trust Co.* 206 Cal. 571, 574 (1929); *Ross* v. *Realty Ab-
stract Co.* 50 N.J. Super. 147, 154 (App. Div. 1958).

*Judgment affirmed.*

*John L. Connolly* for the defendants.
*Andrew C. Culbert* for the plaintiff.