TWIN CITY FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent,

v.

John A. COCHRANE, et al., Appellants.

No. 50355.

Supreme Court of Minnesota.

July 3, 1980.

88

Cochrane & Bresnahan and Steven I. Winer, St. Paul, for appellants.

Mackall, Crounse & Moore, Clay R. Moore, John B. Lundquist, and Donna L. Roback, Minneapolis, for respondent.

Heard before SHERAN, C. J., OTIS and PETERSON, JJ., and considered and decided by the court en banc.

SHERAN, Chief Justice.

This appeal involves a challenge to the reasonableness of an award of attorneys fees to the mortgagee incident to the conduct of a statutory receivership for the collection and disposal of rents following the initiation of foreclosure by advertisement. We affirm.

On August 24, 1977, Twin City Federal (TCF) lent John Cochrane and James Bresnahan $1,650,000 which was secured by a mortgage and security agreement on a tract of land at 360 Wabasha Street, St. Paul, Minnesota, owned jointly by them and their wives. The mortgage and security agreement, together with the assignment of rents they signed the same day, gave TCF the right, in the event of a default, to appoint a receiver who was authorized to apply the rents assigned toward payment of, among other items, "[l]ender's expenses in enforcing this assignment of rents, including, but not limited to reasonable attorneys' fees" and provided that, if the mortgagee chose to foreclose by advertisement, the mortgagor would pay "all legal costs and charges for such foreclosure and the maximum attorney's fees permitted by law."

In 1978, the mortgagors defaulted, and TCF began foreclosure by advertisement, brought suit to enforce the assignment of rents, and successfully moved the court for the appointment of a receiver. On March 15, 1979, the mortgagors redeemed the property and paid $11,755 in attorneys fees, the maximum allowed by Minn. Stat. § 582.01 (1978). At the hearing on their petition to discharge the receiver, they objected to TCF's request for additional attorneys fees and costs, arguing that, because the assignment of rents was within the mortgage TCF foreclosed for which it had received the maximum fees permitted by law, TCF was statutorily ineligible to receive more. The trial court found the expenses to be unassociated with the foreclosure, necessary and reasonable, and it ordered the receiver to pay the disputed amount of $7,434.90 to TCF. On appeal, the mortgagors challenged the reasonableness of the attorneys fees paid pursuant to the foreclosure as well as those associated with the assignment of rents.[1]

Minn. Stat. § 582.01, subd. 1 (1978) expressly permits a mortgagor to covenant to pay an attorney's fee in case of foreclosure by advertisement not to exceed the amount computed according to the accompanying statutory formula. Since the parties agreed that the mortgagor would pay the statutory maximum and the amount paid conformed to the statutory requirements, that no evidence was introduced by TCF to demonstrate the reasonableness of the fee is immaterial.

Both the mortgage and security agreement and the assignment of rents authorized the receiver to apply the rents toward the lender's reasonable attorneys fees incurred in enforcing the assignment of rents. The trial court found the statutory receivership to be separate and independent from the foreclosure by advertisement,

the services performed by the TCF attorneys to be necessary to enforce the assignment of rents, and the amount of attorneys fees to be reasonable. A trial court's factual findings will not be overturned unless clearly erroneous. *Theisen's, Inc. v. Red Owl Stores, Inc.*, 309 Minn. 60, 243 N.W.2d 145 (1976); *Markoe v. Naiditch & Sons*, 303 Minn. 6, 226 N.W.2d 289 (1975). Since the evidence clearly supports these findings, the trial court's decision must be and is affirmed.

Affirmed.

---

1. Although the order refusing to vacate an order, from which this appeal was taken, is not an appealable order, Minn. R. Civ. App. P. 103.03, and although respondent alleges that the appeal is not properly before us because the argument was never presented to the trial court, *see, e. g., Republic Nat'l Life Ins. Co. v.*

*Lorraine Realty Corp.*, 279 N.W.2d 349 (Minn. 1979), we will reach the merits because the fundamental issue can be easily resolved and supports the decision of the trial court. Minn. R. Civ. App. P. 102. *See, e. g., LeRoy v. Marquette Nat'l Bank of Minneapolis*, 277 N.W.2d 351, 353 (Minn.1979).