**Daniel H. Rider, Presiding Justice**
**Richard O. Staff, Justice**
**Charles E. Black, Justice**

This certifies that this is the opinion of the Appellate Division in this cause.

**Patricia D. Miller, Clerk**

## G.M.C. HARDWOOD, INC.
### vs.
## AMERICAN BUTCHER BLOCK CO., INC.
### and Joseph LA ROSA

### No. 274

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

**September 14, 1981**

John G. Dugan, Esq., counsel for plaintiff
Matthew H. Feinberg, Esq., counsel for defendants

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Southern District sitting at Attleboro upon Report from the District Court Department, Dedham Division and it is found and decided that there was no prejudicial error.

It is hereby ORDERED: That the Clerk of the District Court Department, Dedham Division, make the following entry in said case on the docket of said Court, namely: REPORT DISMISSED. Opinion filed herewith.

Date: September 14, 1981
**Richard O. Staff, Justice**
**Charles E. Black, Justice**
**Patricia D. Miller**
**Clerk**

## OPINION

**STAFF, J.** This is a civil action in which the plaintiff (GMC) seeks to recover from defendant, American Butcher Block Co., Inc. (American), the contract price for lumber supplied by GMC to American and from defendant, Joseph A. La Rosa (La Rosa), by reason of a written guaranty of La Rosa for American's obligation.

American denies liability on the ground that the goods delivered were defective and rejected by American.

La Rosa denies liability on the ground that there was no consideration for his guaranty.

American counterclaimed alleging damages as a result of GMC's alleged breach of warranty in delivering defective goods.

The court found for GMC against both

defendants in the amount of $8523.26 and for GMC as defendant in counterclaim.

The evidence showed that American is a manufacturer and seller of "Butcher block" furniture and that La Rosa is its president and officer responsible for all aspects of the business. The business was formed initially by La Rosa and his father, with the father handling the financial and business aspects of the corporation. At about the time the transactions forming the basis of this action occurred or shortly before, the father abandoned the business leaving the son in charge.

GMC was a supplier of lumber to American, and on June 23, 1978, was owed $8523.26 by American as a result of past transactions. La Rosa testified that the lumber delivered by GMC did not meet contract specifications and yielded less usable wood than is acceptable in the trade and that he notified GMC's representative of his complaints. The evidence as to the quality and amount of lumber and as to complaints made was controverted by GMC.

On August 28, 1978, at a meeting with La Rosa and his wife, GMC's representative informed La Rosa that his firm was concerned about the overdue debt, that no further credit would be given to American by GMC, and that GMC would institute a law suit unless some security were given. La Rosa stated that he was seeking a bank loan and that a lawsuit might jeopardize receipt of the loan. The parties discussed a future shipment of lumber which was to be paid C.O.D. At this meeting La Rosa signed the guaranty which guaranteed the payment of existing and future indebtedness by American to GMC.

Three requests for rulings were filed by the defendants and all denied by the trial judge. The first raises the issue whether there was consideration to support the guaranty given by La Rosa to pay American's debt to GMC.

If American received a benefit from the execution of the guaranty executed by La Rosa, then the court clearly may infer that the benefit was transmitted to its chief executive officer, La Rosa.

It seems quite obvious that, by the execution of the guaranty, La Rosa staved off the disastrous situation which confronted the corporation with the threat of an imminent lawsuit at a time when refinancing was being attempted.

On the other hand, GMC suffered a legal detriment by agreeing to resume supplying American (even on a C.O.D. basis) and by agreeing to refrain from taking legal action immediately at a time when American was negotiating a bank loan. See **Sheraton Service Corp. v. Kanavos,** 4 Mass. App. Ct. 851, 852 (1976).

The benefit accruing to American and the legal detriment suffered by GMC amply support the finding by the judge that consideration existed for La Rosa's guaranty.

As to the requests for rulings numbered 2 and 3, both raise factual issues, the evidence was conflicting, the report supports the judge's findings, and we can find no error of law. **Adamaitis v. Metropolitan Life,** 295 Mass. 215, 221 (1936).

Accordingly, the report is dismissed.

**Richard O. Staff, Justice**
**Charles E. Black, Justice**

This certifies that this is the opinion of the Appellate Division in this cause.

**Patricia D. Miller**
**Clerk**

---

* Although Judge Rider was a member of the panel, he disqualified himself and took no part in either the deliberations or the decision in this case.