**In re Ernest F. THISTLE, Edith L. Thistle, Debtors-Appellants.**

**First National Bank of Marlboro, Appellee.**

**Appeal No. 82–9059.**

United States Bankruptcy Appellate Panels for the First Circuit.

March 25, 1983.

George R. Desmond, Framingham, Mass., for appellants.

Joseph J. Connolly, Morse, Morte & Rowe, Marlborough, Mass., for appellee.

Before VOTOLATO, Chief Judge, JOHNSON and GOODMAN, Bankruptcy Judges.

The debtors, Ernest F. and Edith L. Thistle, appeal an order of the bankruptcy court granting the appellee, First National Bank of Marlboro, relief from the automatic stay under 11 U.S.C. § 362 and authorizing it to foreclose upon a second mortgage on the debtors' home.

The following brief summary constitutes the relevant facts. On May 5, 1978, Ernest Thistle, in his capacity as president and treasurer of Boroughs Buick-Opel, Inc., executed a note to First National Bank of Marlboro (FNBM) in the amount of $100,000. On the same date, Ernest and his wife, Edith Thistle, jointly executed their personal guaranties in the amount of $100,000, securing the note. Also on that date the Thistles executed a mortgage on their residence in Melrose with FNBM as mortgagee. The mortgage secured the payment of $100,000 "as provided in a note of even date."

Within two months of these transactions, the May 1978 mortgage was discharged. The president of FNBM testified that the bank authorized the discharge in order to assist the debtors in the sale of their home, and the purchase of another, in reliance on Thistle's assurance that the discharged mortgage would be replaced with a mortgage on the new property. During that summer the debtors purchased a home in Marlboro, and, on August 24, 1978, they granted FNBM a second mortgage on that property to secure payment of $100,000 in six years at 9½ percent per annum, "as provided in note of even date." It is undisputed that there is no note dated August 24, 1978.

At the hearing the bankruptcy judge ruled that there was sufficient ambiguity to permit the introduction of parol evidence, and, based upon the admission of such evidence, he determined that a mutual mistake

of fact had occurred; that it was the intent of the parties that the August 24, 1978 mortgage would secure the personal guaranty of the note executed by the debtors on May 5, 1978; and that "from the very beginning, the parties intended that when the new home was purchased a mortgage on it would replace the original mortgage." Based on this finding, and on his finding that the personal guaranty provided consideration for the note signed on May 5, the bankruptcy judge held that the August 24, 1978 mortgage was valid, and he entered an order on October 4, 1982, lifting the automatic stay to allow FNBM to foreclose upon the August 24, 1978 mortgage.

The debtors appeal from this order and argue that the bankruptcy judge erred in admitting parol evidence concerning the mortgage of August 24, 1978, and that he also erred in ruling that there was consideration for that mortgage.

## PAROL EVIDENCE

■ Both parties acknowledge that where the agreement of the contracting parties has been put into unambiguous written form which they consider final, this constitutes the contract, and evidence of negotiations leading up to this final form is immaterial. The bankruptcy judge found that with respect to the "note of even date" referred to in the August 24, 1978 mortgage, "the nonexistence of the note creates an ambiguity such that parole [sic] evidence should be admitted."

The debtors concede that the May 5, 1978 mortgage must be read together with the guaranty signed by the debtors and the note signed by Borough Buick-Opel, Inc., and that it is relatively clear that the parties intended the mortgage to secure the debtors' guaranty to FNBM. They contend, however, that in the absence of any contemporaneous documents accompanying the August 24, 1978 mortgage, that instru-

ment is complete on its face, and parol evidence as to the intentions of the parties is inadmissible.

In *Goode v. Riley,* 153 Mass. 585, 587, 28 N.E. 228, 228 (1891), the Supreme Judicial Court of Massachusetts held that parol evidence of mutual mistake is admissible for the purpose of construing "what the words would mean if there were no mistake." In this proceeding, ambiguity is obvious in the reference to a note which does not exist. The bankruptcy judge did not err, therefore, in admitting parol evidence to determine "what the words would mean if there were no mistake." *Id.* Furthermore, as the judge noted, the parol evidence admitted "does not vary or contradict the mortgage, but rather explains the ambiguity."

## CONSIDERATION

■ The debtors also contend that if a mortgage is given for a note in the same amount, and the note is without consideration, then the mortgage does not secure an obligation and is void. The debtors' argument rests on the contention that since no note exists or has ever existed, the mortgage in question secures no obligation. The bankruptcy judge specifically found, however, that as to the mortgage executed on May 5, 1978, there was a "note of even date," that is, the corporate note signed by Ernest Thistle as president and treasurer of Boroughs Buick-Opel, Inc. The judge's finding that the debtors' personal guaranty provided consideration for the corporate note is not clearly erroneous.[1] *See, e.g., Sheraton Service Corp. v. Kanavos,* 4 Mass. App. 851, 357 N.E.2d 20 (Mass.App.1976) (personal guaranty by corporate officers for debts of corporation constitutes consideration). The bankruptcy judge also found that both the May 5, 1978 mortgage on the debtors' Melrose home and the August 24, 1978 mortgage on their Marlboro home secured the debtors' personal guaranty. We conclude that this finding was not clearly erroneous.

1. This panel "shall accept the bankruptcy judge's findings of fact unless they are clearly erroneous." First Circuit Rules Governing Appeals from Bankruptcy Judges to District Courts, Appellate Panels, and Court of Appeals 16; *see, e.g., In re Coughlin,* 27 B.R. 634–635 (Bkrtcy.App. 1st Cir.1983); *In re Garland Corp.,* 6 B.R. 456, 460–61 (Bkrtcy.App. 1st Cir.1980).

 

Based upon the testimony of Ernest Thistle and the president of FNBM, the bankruptcy judge found that at the time FNBM discharged the May 5 mortgage, Thistle agreed to replace the discharged mortgage with a mortgage on the new property. The bankruptcy judge further found that the parties intended that the mortgage was to secure the guaranty and that when the new home was purchased a mortgage on it would replace the original mortgage. The bankruptcy judge's findings regarding the intent of the parties and the existence of consideration for both mortgages are supported by the record and are not clearly erroneous.

Judgment affirmed.