**WESTBROOK STATE BANK,**
Respondent,

v.

**ANDERSON LAND AND CATTLE**
**COMPANY, et al., Defendants,**

**Northwestern State Bank of**
**Tracy, Respondent,**

**SL & C Partnership, Appellant,**

**County of Cottonwood, Respondent.**

No. C8–84–1518.

Court of Appeals of Minnesota.

March 5, 1985.

Joel C. Wiltrout, Brecht, Hedeen, Hughes & Wiltrout, Worthington, for Westbrook State Bank.

Frank C. Nielsen, Velta, Irons & Kerr, Tracy, for Northwestern State Bank of Tracy.

Paul A. Skjervold, Skjervold Law Office, Shorewood, for SL & C Partnership.

Bruce Gross, Windom, for Cottonwood County.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Respondents Westbrook State Bank and Northwestern State Bank of Tracy, now known as Norwest Bank Tracy, commenced foreclosure on two mortgages on real property in Cottonwood County, Minnesota. The trial court determined the mortgages were valid, in default, and respondents were entitled to foreclose. Appellant moved for a new trial claiming the trial court: (1) erred in concluding the mortgages were supported by adequate consideration; (2) erred in denying appellant's request for a continuance of the new trial motion hearing; (3) erred in denying appellant's request for a continuance of the trial; and (4) erred in determining that the respondents did not fail to join an indispensable party to the foreclosure action. We affirm.

## FACTS

In May 1981 Anderson Land & Cattle Company owned real property. Frances Anderson, president, signed a promissory note with Norwest for $225,000 and another promissory note with Westbrook for $125,000 included in a combined mortgage to the banks. The banks restructured and consolidated the cattle company's debts advancing funds to pay debts, including a mortgage held by the Federal Land Bank.

In May 1981, Anderson executed a second mortgage of $140,000 to Westbrook to secure an earlier $170,000 promissory note dated November 17, 1980. The company disposed of the collateral for the earlier promissory note by selling 400 cattle and using the proceeds for general operating expenses. Westbrook told Anderson to replace the depleted collateral or Westbrook would call the note.

After recording the two mortgages, the property was conveyed to St. Onge Associates, Inc. by warranty deed. In 1982, St. Onge Associates conveyed the property to Darrell J. Nicholson by quit claim deed. Darrell J. Nicholson and Elaine Nicholson conveyed the property by contract for deed

to L. Schram, Duane Anderson, James Anderson, Tim Carlson, and SL & C Partnership.

In April 1982, a meeting was held to transfer the property to appellant, SL & C Partnership. Westbrook and Norwest received interest payments on the mortgages. The company also executed loan extension agreements with the banks which provided for interest installments and an extension to pay principal. Anderson defaulted on the extension agreements.

In May 1983, Westbrook commenced foreclosure on the second mortgage. Norwest cross-claimed and commenced foreclosure on the first mortgage, the participation mortgage between Norwest and Westbrook. All named defendants defaulted except appellant.

Appellant's counsel withdrew in December 1983. At that time, trial was set for May 1984. On May 26, 1984, Westbrook's counsel received appellant's notice of a motion set for May 29, 1984 requesting continuance of trial so appellant could obtain legal counsel. Appellant's motion was denied on May 29, 1984 and again on May 30, 1984. Appellant proceeded to trial without counsel, represented by Robert Wardin, the majority and controlling partner in the SL & C Partnership.

The trial court determined the mortgages were valid, in default, and respondents were entitled to foreclose. After trial appellant obtained counsel and moved for a new trial. By order dated July 27, 1984, the trial court denied the motion.

## ISSUES

1. Was there sufficient evidence to support the trial court's finding of adequate consideration for the mortgages given to Norwest and Westbrook?

2. Did the trial court abuse its discretion in denying appellant's request for a continuance of the hearing on the motion for a new trial?

3. Did the trial court abuse its discretion in denying appellant's request for a continuance of the trial?

4. Did respondents fail to join an indispensable party to the action?

## ANALYSIS

### I.

In *Markoe v. Naiditch and Sons,* 303 Minn. 6, 226 N.W.2d 289 (1975), the supreme court said:

When an action is tried by the court without a jury, its findings will not be reversed on appeal unless they are clearly erroneous.

*Id.* at 8, 226 N.W.2d at 291; *see also* Minn. R.Civ.P. 52.01. The trial court found the property was subject to two valid mortgages.

Appellant alleges the mortgages are invalid for lack of consideration citing *Baker v. Citizens State Bank of St. Louis Park,* 349 N.W.2d 552 (Minn.1984). In *Baker,* the evidence indicated a bank promised to forbear calling the outstanding debts of the company if the sole shareholder signed a second mortgage on his farm. The Minnesota Supreme Court determined: (1) a pre-existing debt of a corporation is insufficient consideration to support a mortgage and loan guarantee pledged by a third-party guarantor; and (2) the second mortgage on the farm was void for failure of consideration because the length of forbearance from calling in the notes, seven days, was unreasonable.

The trial judge found that "forbearance from calling these notes for either two or five days is clearly an unreasonably short length of time." There are no cases in Minnesota addressing what is a reasonable time in the case of a bank's forbearance from calling a debt. But in *Sheraton Service Corp. v. Kanavos,* 4 Mass.App. 851, 357 N.E.2d 20 (1976), 6 months was regarded as reasonable and in *Matter of Slodov,* 419 F.Supp. 64 (N.D.Ohio 1976), a timespan from late February to late summer of the same year was also held to be reasonable. It is clear, however, that the 7 days between the 16th and the 23rd was unreasonable. The purpose of bargaining for

forbearance is to attempt to find a means to pay the outstanding debts. In this case, there was proof that the bank agreed to allow Baker time to reorganize his corporation and reduce it to a manageable size. This obviously could not be accomplished in 7 days. We hold that the second mortgage on the Bakers' Minnetrista farm is void for failure of consideration.

*Id.* at 558.

Although the *Baker* court found the bank's forbearance was unreasonable, the court implied that a creditor's reasonable forbearance from exercising a legal right may be adequate consideration. *Id.* at 558–59.

The trial court's order for judgment memoranda was made a part of the order and summarized the consideration for the mortgages as follows:

> The evidence discloses adequate consideration for the mortgages. The mortgages were given to secure preexisting debt and the forbearance of the plaintiffs which continued nearly two years. At the time of the execution of the mortgages herein the mortgagors were deeply in debt to plaintiffs and were in default. In consideration of plaintiff's forbearance to sue and to restructure that debt, the new mortgages were issued. The mortgages were issued in the middle part of 1981 and this action was not brought until September of 1983. A forbearance of nearly two years is more than adequate for the mortgages.

■ In addition to respondents' forbearance, the evidence indicated the mortgages were supported by other consideration. The banks advanced funds to the cattle company. As to the second mortgage, the evidence indicated Westbrook's security on an earlier promissory note was jeopardized. Westbrook agreed to forbear its legal right to call the note, and the second mortgage was replacement collateral. The trial court's finding there was adequate consideration for the two mortgages is supported by the evidence and is not clearly erroneous.

■ Respondent Norwest also alleges appellant cannot question the validity of the consideration on the mortgages because appellant was not the original mortgagor. This issue, however, was not presented to the trial court and is raised for the first time on appeal. "Issues not presented at trial cannot be raised on appeal." *Republic National Life Insurance Company v. Lorraine Realty Corp.*, 279 N.W.2d 349, 355 n. 2 (Minn.1979).

**II.**

■ Appellant alleges the trial court failed to administer fair and impartial justice between the parties. Appellant concedes this issue was not raised below or argued at the motion for a new trial, but blames this omission on the trial court's failure to continue the motion hearing until appellant's counsel had an opportunity to review the transcript. This issue is not properly before the court.

> Review on an appeal from an order denying a new trial is limited to those grounds assigned as error in the notice of motion.

*Schaust v. Town Board of Hollywood Township, Carver County*, 295 Minn. 571, 572, 204 N.W.2d 646, 648 (1973).

Even if the issue was properly before the court, the claim is without merit. In *Dunshee v. Douglas*, 255 N.W.2d 42 (Minn. 1977), the supreme court explained:

> The granting of a continuance is a matter within the discretion of the trial court and its ruling will not be reversed absent a showing of clear abuse of discretion.

*Id.* at 45.

■ The trial court did not abuse its discretion in denying the requested continuance of the new trial motion hearing. Robert Wardin, the majority and controlling partner in the SL & C Partnership, participated in the trial pro se. After the trial, Wardin obtained appellant's present counsel who filed a motion for new trial. Appellant's counsel then requested the motion be continued until a transcript could be obtained and reviewed because counsel had

not participated at the trial and was unfamiliar with the evidence. The trial court denied the request because counsel had an opportunity to order the transcript before the hearing and gave no explanation for failing to order the transcript. The trial court said, "the transcript would be comparatively short and could have been easily prepared before the hearing if it had been ordered promptly."

The trial court's denial of the requested continuance did not amount to a clear abuse of discretion.

### III.

Appellant claims the trial court abused its discretion in denying a request for a continuance of the trial itself. As noted in *Dunshee,* the granting of a continuance is within the discretion of the trial court and will not be reversed absent a showing of clear abuse of discretion. Appellant was originally represented by counsel who withdrew with the consent of appellant and the trial court. At that time, appellant was notified the trial was scheduled for May 1984. On May 29, 1984, appellant moved for continuance of the trial. Neither the trial court nor the clerk of court were notified of the intended hearing. The matter was not placed on the Special Term calendar as required by the Rules of Court for the Fifth Judicial District. Neither was the motion timely served on opposing counsel. Appellant's request was denied.

Appellant again requested a continuance on the first day of trial, which was denied. Appellant made no showing of making a diligent effort to secure trial counsel during the previous five months. The matter had already been continued twice at appellant's request. The trial court's failure to grant a continuance at this late stage was not an abuse of discretion.

### IV.

Appellant's brief does not discuss the issue raised in the trial court and in appellant's statement of the case concerning respondent's alleged failure to join an indispensable party. We deem the issue waived. *Melina v. Chaplin,* 327 N.W.2d 19, 20 (Minn.1983).

### DECISION

The trial court's determination there was adequate consideration for the two mortgages is supported by the evidence and is not clearly erroneous. Denial of appellant's request for a continuance of the new trial motion hearing was not a clear abuse of discretion. The trial court did not abuse its discretion in denying appellant's request for a continuance of the trial. Appellant waived the issue of respondent's failure to join an indispensable party.

Affirmed.